**UNITED STATES of America and Edward Ader, Special Agent, Internal Revenue Service**

v.

**Anthony DeGROSA, as President of De-Grosa Trucking, Inc., Appellant.**

**No. 17308.**

United States Court of Appeals
Third Circuit.

Argued Oct. 22, 1968.

Decided Jan. 6, 1969.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1465.

Herbert L. Zuckerman, Newark, N. J., for appellant.

Joseph M. Howard, Dept. of Justice, Tax Division, Appellate Section, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John P. Burke, Attys., Dept. of Justice, Washington, D. C., David M. Satz, U. S. Atty., Carolyn E. Arch, Asst. U. S. Atty., on the brief), for appellee.

Before HASTIE, Chief Judge, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order made pursuant to 26 U.S.C.A. § 7604, enforcing an internal revenue summons issued by Internal Revenue Service Special Agent Edward Ader on August 8, 1967, pursuant to 26 U.S.C.A. § 7602. The summons directed Anthony DeGrosa, as President of DeGrosa Trucking, Inc., to produce certain specified records of De-Grosa Trucking, Inc., whose tax liability was under investigation. Appellant, De-Grosa, appeared before Special Agent Ader with the materials demanded in the summons; however, the appellant refused to surrender the materials claiming that the summons was being used for an unauthorized purpose. An action for enforcement was brought in the district court against DeGrosa only, at which time appellant urged that enforcement of the summons would violate his constitutional rights and those of the corporation and that enforcement would permit an unauthorized use of the summons. After argument the court granted the petition for enforcement without filing a written opinion. DeGrosa ("appellant") now appeals.

Appellant contends (1) that the use of the § 7602 summons to obtain evidence for possible use in a criminal proceeding is an improper, or ultra vires, use of the summons, (2) that compelling production of the records sought would violate his Fourth Amendment rights and those of the corporation,[1] and (3) that permitting Agent Ader to conduct a criminal investigation using the § 7602 summons deprives the appellant of his Fifth Amendment right to have the Grand Jury conduct the investigation.

In support of his first contention appellant, citing Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), argues that the investigation by Special Agent Ader is "principally" a criminal investigation and that it is improper to employ the § 7602 summons for the purpose of obtaining evidence for use in a criminal prosecution. Appellant does not contend—as, indeed, he could not on the record here [2]—that the investigation lacked a civil purpose.

---

1. Appellant does not make it entirely clear that he is asserting an infringement of the corporation's Fourth Amendment rights as well as of his own. However, to avoid fragmentation of this litigation, we construe appellant's argument as directed to the protection of both his and the corporation's rights.

2. A reading of the transcript of the oral argument before the district court, the petition for enforcement, the affidavit of

Appellant's reliance on Reisman, supra, is misplaced. This is made clear when the language of the Supreme Court, upon which appellant relies,[3] is considered in connection with the court's citation to Boren v. Tucker, 239 F.2d 767 (9th Cir., 1956), which follows immediately after the critical language. In Boren, supra, the Ninth Circuit held that a § 7602 summons may properly be issued in aid of internal revenue investigations which have a civil purpose, notwithstanding the fact that the information might also be used in a criminal prosecution.[4] See also Wild v. United States, 362 F.2d 206 (9th Cir., 1966); In Re Magnus et al., 311 F.2d 12 (2nd Cir., 1962), cert. den. 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963). Assuming, as the appellant urges, that the investigation by Agent Ader is "principally" criminal, the authority cited by the appellant does not support the conclusion that this summons is being used for an improper purpose, inasmuch as his contention does not negative the existence of a proper civil purpose.[5]

We turn next to appellant's Fourth Amendment contention. Although the materials sought are corporate records we assume that the appellant has standing to assert the claim on his own behalf [6] and on behalf of the corporation.[7] Appellant's contention that the use of a § 7602 summons constitutes an unreasonable search and seizure where, as here, the investigation has both civil and criminal aspects, has often been advanced as a ground for requesting that enforcement of the summons be denied. In fact, within the past year, the Supreme Court had occasion to consider such an attack on § 7602 and § 7604. Justice v. United States, 390 U.S. 199, 88 S.Ct. 901, 19 L.Ed.2d 1038 (1968), aff'g, United States v. First National Bank of Pikeville, et al., 274 F.Supp. 283 (E.D.Ky., 1967). The court, in a per curiam opinion, affirmed a three judge district court which, inter alia, upheld the constitutionality of the § 7602 summons procedure against a Fourth Amendment challenge by the intervening taxpayers.

It has long been established that an administrative summons authorized by Congress in aid of an agency's investigative function need not be sup-

---

Agent Ader, and the language of the summons discloses that Agent Ader's investigation had the dual purpose of determining the civil liability of DeGrosa Trucking, Inc., if any, as well as any criminal responsibility.

3. "Furthermore, we hold that in any of these proceedings before either the district judge or the United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 239 F.2d 767, 772–773 * * *."

4. At oral argument, counsel stipulated into the record a letter from the Regional Counsel, Internal Revenue Service, to appellant's counsel, which letter recites that criminal proceedings have been recommended against the appellant. By letter submitted after oral argument, the Department of Justice called the court's attention to the fact that the recommendation for prosecution had not been passed

on by the Regional Counsel and that the case had not yet been forwarded to the Department for actual prosecution. The fact that a criminal prosecution is on the horizon does not transform the investigation into one "solely criminal." Therefore, whether tested at the time issued or at this date, which would encompass the recommendation for prosecution, the use of the summons here is not improper. Compare In Re Magnus et al., 311 F.2d 12, 16 (2nd Cir., 1962).

5. If Wright v. Detwiler, 241 F.Supp. 753 (W.D.Pa., 1964), aff'd per curiam, 345 F.2d 1012 (3rd Cir., 1965) is read as permitting the use of a § 7602 summons in aid of an investigation solely criminal, its continuing vitality is in question. However, the present facts do not require us to reach that issue.

6. Compare Mancusi v. De Forte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968).

7. Cf. Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

ported by ad hoc showings of probable cause. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 216–217, 66 S. Ct. 494, 90 L.Ed. 614 (1946). The Constitution only requires that the summons not be employed in excess of the statutory purpose, that it be specific in directive so that compliance will not be unreasonably burdensome and that an ample opportunity be afforded to obtain judicial review of the demand prior to suffering penalties for a refusal to comply. Oklahoma Press Publishing Co. v. Walling, supra; See v. City of Seattle, 387 U.S. 541, 544–545, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).[8]

In the instant case, there is no question but that the summons will not unreasonably burden the appellant. In point of fact, the appellant was able to gather the materials requested and bring them before Agent Ader at the time and place directed in the summons. Further, enforcement of the summons is not left to the discretion of the agent issuing it, but is delegated to the district court where the reasonableness of the demand may be reviewed. Finally, as decided above, the summons here is not being used for a purpose in excess of that authorized by Congress.

Accordingly, appellant's second contention that the summons issued by Agent Ader suffers a fatal constitutional infirmity is without merit.

Lastly, appellant contends that Agent Ader's use of the § 7602 summons is an impermissible intrusion on his Fifth Amendment right to have the Grand Jury conduct the investigation. A reading of the Fifth Amendment in itself disposes of this contention. The right conferred in the Fifth Amendment

is that no person can be held to answer for an "infamous crime" except upon an indictment returned by the Grand Jury. Clearly the procedure contemplated in 26 U.S.C.A. §§ 7602, 7604 does not at all impinge on this right of the appellant.

The order of the District Court enforcing the summons is affirmed.

---

8. The court concluded its discussion of the limitations on administrative summons in See, supra, by noting:

  "The agency's particular demand for access will of course be measured, in terms of probable cause to issue a warrant, against a flexible standard of reasonableness that takes into account the public need for effective enforcement of the particular regulation."

We do not read this language as imposing a probable cause requirement on the issuance of a § 7602 summons; but instead, as a statement of the considerations which govern a determination of the reasonableness of the statutory scheme in the context of the Fourth Amendment. The constitutionality of the statutory scheme here was most recently reviewed, and approved, in Justice v. United States, supra.