**UNITED STATES of America and Richard Daguanno, Special Agent, Internal Revenue Service, Petitioners-Appellants,**

v.

**MICHIGAN BELL TELEPHONE COMPANY, Respondent-Appellee.**

**No. 19073.**

United States Court of Appeals
Sixth Circuit.

Sept. 11, 1969.

John P. Burke, Atty., Dept. of Justice, Washington, D. C., for appellants; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., on brief; Robert J. Grace, U. S. Atty., Detroit, Mich., of counsel.

Alan R. Waterstone, Detroit, Mich., for appellee.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

The United States and Special Agent Richard Daguanno appeal from the District Court's denial of enforcement of an Internal Revenue summons issued under authority of 26 U.S.C. § 7602. Jurisdiction in the District Court was based on 26 U.S.C. § 7604(a). The District Court denied enforcement on the ground that the summons overstepped the power given to the Commissioner of Internal Revenue.

The sole question before this Court is whether the summons was valid under 26 U.S.C. § 7602. We hold that it was.

The case was tried on stipulated facts. The District Court held that the summons "was not issued for the purpose of determining the tax liability alone, but was primarily intended as a criminal investigative tool." The parties had stipulated that Daguanno was a Special Agent assigned to investigate the tax liability of a named taxpayer for the years 1961 through 1966 and that it was necessary

to his investigation to examine the telephone company toll records showing long distance calls to and from the taxpayer's telephone. The toll records were records which the company maintains in the ordinary course of its business. Daguanno had the authority to issue summonses under 26 U.S.C. § 7602 and purported to issue the summons to the telephone company under that authority. The final stipulation was:

"6. That the Michigan Bell Telephone Company refused to appear and produce the required records and has continued to refuse to produce the required records for the sole and only reason that the United States of America and Special Agent Richard Daguanno have declined to assure Michigan Bell Telephone Company that the records demanded are unconnected with any criminal investigation."

■■ Clearly the telephone company has standing in this proceeding to challenge the lawfulness of the summons. Reisman v. Caplin, 375 U.S. 440, 445, 84 S.Ct. 508, 11 L.Ed.2d 459. However, it bears noting in this case that officers of the government are presumed to act lawfully. Goldberg v. Truck Drivers Local Union No. 299, 293 F.2d 807, 812 (6th Cir.), cert. denied, 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337. When a citizen is called upon through the medium of an Internal Revenue summons to provide information from his records, the citizen has a right to assume that the officer is acting properly and within his lawful authority. See Bohnen v. Harrison, 232 F.2d 406, 409 (7th Cir.).

■■ The Government may use a § 7602 summons properly when its investigation may have both civil tax liability and criminal ramifications. DiPiazza v. United States, 415 F.2d 99 (No. 18,593, 6 Cir. 1969); United States v. Hayes, 408 F.2d 932, 936 (7th Cir.); see United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112; Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed. 2d 122. Even assuming that the District Court was correct in its determination that the summons in this case was principally to investigate for criminal liability, the summons was proper since the Court did not exclude the possibility that the summons also was to determine civil tax liability. United States v. DeGrosa, 405 F.2d 926, 928 (3rd Cir.). The Section 7602 summons is inquisitorial. United States v. McKay, 372 F.2d 174 (5th Cir.); see United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248.

■■ The Commissioner of Internal Revenue is entitled to enforcement of his summons when he shows:

"[T]hat the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed * * *." United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255.

However, the summons will not be enforced where to do so would abuse the process of the court.

"Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The burden of showing an abuse of the court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitations for ordinary deficiencies has run or that the records in question have already been once examined." Id. at 58, 85 S.Ct. at 255.

We hold that an abuse is not shown by the fact that the government refuses to give up its right to use lawfully acquired evidence in aid of a possible future criminal prosecution.

■ Because of our disposition of this case we need not deal with the District Court's factual conclusion that the investigation was primarily for criminal information. We observe, however, that we find no evidence to support this con-

clusion. The government's refusal to give the assurance demanded by the telephone company will not support the inference of an intent to use the evidence exclusively for purposes of criminal prosecution. The records of both incoming and outgoing calls may be relevant to the question of tax liability.

This Court held in DiPiazza v. United States, 415 F.2d 99 (No. 18,593, 6 Cir. 1969), that the summons under 26 U.S.C. § 7602 is "other lawful authority" within the meaning of 47 U.S.C. § 605 and that the submission of toll records by the telephone company in response to such a summons does not violate § 605. That case was decided under § 605 as it stood prior to amendment by Title III, § 803, of the Omnibus Crime Control and Safe Streets Act of 1968, P.L. 90–351, which was enacted before the decision of the District Court in the present case. Because the District Court decided this case on the basis of its conclusion that the summons authority itself was abused, it did not reach the issue of whether under the amended § 605 the summons authorized by 26 U.S.C. § 7602 is "other lawful authority." Since the telephone company elected not to file a brief before this Court, we have neither the benefit of a District Court decision nor of adversary briefing on this issue. In view of its importance we decline to pass on this issue as a basis for possible affirmance of the District Court decision under these circumstances.

The decision of the District Court is vacated and the case is remanded for determination of the question of the effect of the amendment of § 605 and for further proceedings consistent with this opinion.

CELEBREZZE, Circuit Judge (concurring).

I concur for the reason that the District Judge did not find that the sole purpose of Agent Daguanno's investigation was to gather evidence for a criminal prosecution. The parties stipulated that agent Daguanno was assigned to investigate one Montgomery's income tax liability for the years 1961 through 1966. During the course of his investigation he attempted to summon records of Montgomery's long distance telephone calls. Thus, aside from, but not inconsistent with, the District Court's finding that agent Daguanno's investigation was "primarily" criminal in scope, the record reveals that his investigation was also conducted for a civil purpose, namely, to determine Montgomery's liability for federal income taxes for the abovementioned years.

It is well settled that the § 7602 summons may be used where the I.R.S. investigation has civil as well as criminal objectives. United States v. DiGroso, 405 F.2d 926 (3rd Cir. 1969); Wild v. United States, 362 F.2d 206 (9th Cir. 1966); see Justice v. United States, 365 F.2d 312, 313 (6th Cir. 1966). The United States Supreme Court has held, however, that this summons may not be used where the sole purpose of the I.R.S. investigation is to gather evidence for use in a criminal prosecution, Reisman v. Caplin, 375 U.S. 440, 449, 84 .S.Ct. 508, 11 L.Ed.2d 459 (1964); see Boren v. Tucker, 239 F.2d 767 (9th Cir. 1965). In my opinion this was the purpose of the investigation conducted in DiPiazza et al. v. United States, 415 F.2d 99 (1969) [1]. As I said in my dissenting opinion therein, the record did not disclose that the I.R.S. was conducting an investigation into the Appellants' civil tax liability. The record in this case, however, does disclose such a purpose. For this reason, the summons against Appellee would have been properly enforceable as "other lawful authority" under § 605 as it stood prior to its amendment by Congress in 1968.

I express no opinion at this time as to the effect of the recent congressional amendments on § 605, preferring to wait until that question is properly before us.

1. Decided by this Court today.