UNITED STATES of America and Joe M. Wilson, Special Agent, Internal Revenue Service

v.

William V. HELD, Etowah Industries, Inc., Brainerd, Ltd., Inc., Decatur Mfg. Co., Decherd Factory To You Store, Inc., East Tennessee Construction Co., Inc., 5770 Corporation, Moby Dick Sportswear, Inc. (Madisonville, Tenn.), Moby Dick Sportswear, Inc. (New York), Quality Apparel Corp., Robinhood Industries, Inc., Tellico Mfg. Co., Inc., Wayne Industries, Inc., Hercules Sportswear, Inc., Winchester Sportswear Co., Inc., Continental Sportswear, Inc., and Wilmart Associates, Inc.

Civ. A. No. 5783.

United States District Court, E. D. Tennessee, S. D.

June 10, 1970.

John L. Bowers, Jr., U. S. Atty., Jerry Foster, Asst. U. S. Atty., Chattanooga, Tenn., John M. Dowd, Tax Div., Dept. of Justice, Washington, D. C., for plaintiffs.

Arvin Reingold, John T. Henniss, Chattanooga, Tenn., Tom Mitchell, Jr., Memphis, Tenn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FRANK W. WILSON, Chief Judge.

This is an action seeking judicial enforcement of a summons issued by a special agent of the Internal Revenue Service in furtherance of an income tax investigation. The lawsuit was initiated by the United States and Internal Revenue Service Special Agent Joe M. Wilson against the defendants, William V. Held and 16 named corporations. After the case had proceeded to issue, the Government filed a motion for summary judgment. The Court reserved a ruling upon the Government's motion for summary judgment and ordered the case to proceed to trial when it appeared that the defendants would not have an adequate opportunity to respond to the issues raised in the motion for summary judgment prior to the scheduled date of the trial. The case came on for trial before the Court sitting without a jury upon March 13, 1970. The Court now enters the following findings of fact and conclusions of law on the basis of the full record in the case.

### Findings of Fact

(1) During the year 1967 the income tax return filed by William V. Held and wife for 1964, together with the corporation income tax return filed by Wilmart Associates, Inc., a corporation in which the defendant Held was a princi-

pal, were assigned to a revenue agent (Esslinger) for audit. It appears that the audit was undertaken in the normal course of such matters. In the course of the investigation made in connection with the audit, the investigation broadened to include the additional corporate defendants herein and in which it appeared that the defendant Held may have been an officer, director or principal, including Etowah Industries, Inc. On the basis of the information developed in the course of the audit of the tax returns of the defendant corporation, Etowah Industries, Inc., the revenue agent came across matters which caused him to submit a referral report to appropriate authorities within the Internal Revenue Service recommending further investigation of possible fraud by the Intelligence Division of the Internal Revenue Service. The referral was made accordingly and further investigation was then assigned unto Special Agent Joe M. Wilson, the petitioning agent herein.

(2) The petitioner, Joe M. Wilson, is a duly commissioned special agent of the Intelligence Division of the Internal Revenue Service assigned to the Nashville, Tennessee, office of that service. As a special agent Mr. Wilson is empowered to issue summonses as a delegate of the Secretary of the Treasury under authority of § 7602 of the Internal Revenue Code of 1954.

(3) Supervision of the tax investigation here involved was first undertaken by Special Agent Wilson in July of 1968. Thereafter the investigation proceeded as a joint investigation, under the supervision of Special Agent Wilson, but participated in by three revenue agents, Esslinger, Dickey and Swafford. The investigation continued to broaden over the next year until by August of 1969 the investigation involved each of the 16 defendant corporations named as parties defendant to this lawsuit. The investigation had further revealed by this time that the defendant, William V. Held, was the custodian or had supervision over the books and records of each of the 16 defendant corporations. By August of 1969, an extensive investigation had been made in the course of the ever broadening joint tax investigation here involved. However, the investigation had not been completed as to any of the corporate defendants by that time.

(4) On August 22, 1969, as a part of the investigation, Special Agent Wilson issued and served an Internal Revenue summons upon the defendant, William V. Held, as custodian of the books and records of the 16 defendant corporations, directing that he produce all corporate records of each of the 16 defendant corporations for designated tax years between 1965 and 1968 and further describing the specific corporate records desired for each defendant corporation. Only corporate records were sought. No tax records of the defendant Held were sought by the summons. The summons directed the defendant Held to appear before the special agent on September 23, 1969, at 10:00 A.M. with the corporate records designated in the summons and prepared to testify in regard thereto. For the full details of the summons reference is made to a copy of the summons filed as an exhibit to the original petition herein and filed as Exhibit No. 2 upon the trial. By request of the defendant Held the return date of the summons was delayed until September 30, 1969. Upon that date the defendant appeared but refused to testify or produce the records called for in the summons, stating as reasons for his refusal the following matters which now also constitute the defenses in this lawsuit:

(a) The summons was issued in furtherance of a criminal investigation and not in furtherance of a civil tax investigation and therefore was not within any permissible purpose authorized under § 7602 of the Internal Revenue Code of 1954, the statute under which the summons purported to have been issued.

(b) The defendant Held is not the authorized custodian of the books and

records of the corporate defendants. Certain of the defendant corporations are no longer in existence. Not being in possession and control of the books and records of all of the corporate defendants, Held would be unable to produce some of the records requested.

(c) The summons constituted a violation of the rights of the defendant Held to be free from unlawful searches and seizures under the Fourth Amendment and his right not to be required to incriminate himself under the Fifth Amendment.

(d) The summons was so burdensome as to constitute a violation of the defendant corporations' right to be free from unreasonable searches under the Fourth Amendment.

(e) The summons constituted an unnecessary second examination of the defendants' books and records, contrary to the provisions of § 7605(b) of the Internal Revenue Code of 1954.

(5) It is clear that the purpose for which the books, records and testimony was sought in the summons which is the subject of this lawsuit is at least in part in furtherance of an audit of the records of each corporate defendant to ascertain the correctness of the tax returns of that corporation and to determine the correct tax liability of that corporation. At the time the summons was issued and at the present time there is no criminal tax prosecution pending against either the defendant Held individually or against any corporate defendant. Whether there will ever be such a criminal prosecution is entirely problematical at this stage of the investigation. The ultimate result of the investigation may turn out to be solely a matter of civil tax in significance. Although it is clear that the principal function and duties of the special agent issuing the summons is to investigate fraud and enforce the criminal provisions of the tax laws, his investigations are not irrelevant to a determination of the civil tax liability. Furthermore, the record clearly indicates that the investigation here is a joint investigation, participated in by both the special agent and three revenue agents, the function of the revenue agents being to determine the correctness of the tax returns and the extent of the civil tax liability of each defendant.

(6) Although it is contended by the defendant Held that he is not the authorized custodian of the books and records sought in the summons and that he does not have custody of certain unspecified portions of the records or that they are not in existence, there is no evidence in the record in support of this contention. The defendant Held did not testify in this case. To the contrary, there is evidence that the defendant Held controlled or directed the keeping of the records on behalf of each of the defendant corporations and that he either has control or custody of such records or otherwise has or should have knowledge of the whereabouts of such records or of their existence or nonexistence, if in fact any records sought are nonexistent. The Court accordingly finds that the defendant Held either has control and custody of the corporate records sought in the summons or has knowledge of their existence or nonexistence and of their whereabouts if in existence. It further clearly appears that the records sought are each relevant and material to a determination of the correctness of the corporate tax returns here being audited and to a determination of the civil tax liability of each corporate defendant under investigation.

(7) The corporate records sought in the summons do not constitute in any instance an unnecessary examination or a second examination of such records within the meaning of the provisions of § 7605 of the Internal Revenue Code of 1954. The record upon the trial in this case reflects that there has been no completion of the investigation with reference to any of the 16 corporate defendants whose records are now sought and that the records now sought in the summons do not constitute a duplication of

the examinations heretofore made except where such duplication is necessary to a completion of the audit being performed. The status of the investigation with reference to each corporate defendant remains a continuing investigation. The defendants have sought in great detail to establish the hours and extent of investigation devoted to each corporate defendant by agents of the Internal Revenue Service and in support of the defendants' contention that this is a second examination. Additionally certain witnesses for the defendant have expressed the opinion that a tax audit could be made as to certain of the defendant corporations on the basis of the records previously known to have been examined. However, it is clear to the Court that the tax investigation here being pursued by the Government has never been completed as to any corporate defendant. It is apparent that the size and extent of the investigation thus far and the justification of a government request for further investigation is occasioned by the manner in which the business affairs of the defendants have been conducted, rather than by any duplication of investigative effort. As but one example of the complexity of the tax audit here undertaken, it appears from the testimony that the 16 corporate defendants maintained not less than 80 bank accounts in a number of different banks in many parts of the United States.

(8) In view of the matters just previously stated and in view of the statement of the willingness on the part of the Special Agent issuing the summons to have the records produced under any reasonable schedule at mutually acceptable locations, there would appear to be no unreasonable burden occasioned the defendants in complying with the summons.

### Conclusions of Law

(1) The Court has jurisdiction of the parties and of this cause of action pursuant to § 7402(b) and § 7604(a), Title 26 U.S.C.

■ (2) The summons here sought to be enforced is authorized by the provisions of § 7602 of Title 26 U.S.C. Since the purpose of the summons is in furtherance of a tax investigation that is at least in part a civil tax investigation, and since the investigation here is a joint investigation being participated in both by a special agent and by three revenue agents, the summons would be for an authorized purpose under the foregoing statute. As stated in the case of United States v. Michigan Bell Telephone Company, (C.A. 6, 1969) 415 F.2d 1284:

> "The government may use a § 7602 summons properly when its investigation may have both civil tax liability and criminal ramifications. (Citations omitted) Even assuming that the district court was correct in its determination that the summons in this case was principally to investigate for criminal liability, the summons was proper since the court did not exclude the possibility that the summons also was to determine civil tax liability. (Citations omitted)"

■ (3) The summons here sought to be judicially enforced is not invalid as calling for a second inspection of the books and records of any defendant contrary to the provisions of § 7605(b), Title 26 U.S.C. Since the evidence establishes that the investigation and audit had never terminated or been completed with respect to any of the 16 corporate defendants, enforcement of the summons would not subject any of the defendants to an "unnecessary" examination or investigation within the meaning of § 7605(b).

As stated in the case of Hinchcliff v. Clarke, (C.A. 6, 1967) 371 F.2d 697:

> "The congressional purpose, as revealed by the language of the statute, was not to prohibit all investigation of closed income tax accounts, but to

guarantee that taxpayers whose accounts had been closed would not be subject to 'unnecessary' harassment by being required frequently to present their 'books of account' to the income tax agency."

See also United States v. Giordano, (U.S.D.C., E.D. Mo., 1969) 301 F.Supp. 84; United States v. Crespo, (U.S.D.C., Md., 1968) 281 F.Supp. 928.

 (4) Since all of the records called for in the summons are corporate records, and no personal records of defendant Held are sought, enforcement of the summons would constitute no violation of either the Fourth or Fifth Amendment rights of the defendant Held. The defendant Held can claim no personal right in corporate records and the ordered production of corporate records would violate no right of the defendant Held to be secure against unreasonable searches. United States v. White, (1944) 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. See also Crespo v. United States, (U.S.D.C., Md., 1968) 281 F.Supp. 928; Hair Industry, Ltd. v. United States, (C.A. 2, 1965) 340 F.2d 510, cert. denied 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724 (1965). It is well settled that the custodian of corporate records may not be permitted to refuse to produce the records on Fifth Amendment grounds even though he might personally be incriminated by their contents. Wilson v. United States, (1911) 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Hale v. Henkel, (1906) 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

■ (5) In view of the complexity of the tax investigation necessarily arising from the manner the defendants have conducted their businesses and in view of the stated willingness of the special agent issuing the summons to have the records produced under any reasonable schedule at mutually acceptable locations and in view of the relevance and materiality of the records sought to the tax investigation, there would be no unreasonable burden occasioned the defendant in producing the records demanded in the summons. There would accordingly be no violation of any defendant's Fourth Amendment right to be secure from unreasonable searches by granting enforcement of the summons. Oklahoma Press Publication Co. v. Walling, 327 U.S. 186, 208–209, 66 S.Ct. 494, 90 L.Ed. 614 (1946); McGarry v. Securities & Exchange Commission, (C.A. 10, 1945) 147 F.2d 389, 392.

(6) The Court accordingly concludes that enforcement of the summons should be granted in accordance with the prayers in the original petition as filed herein.

An order will enter accordingly.