**UNITED STATES of America and Joe M. Wilson, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,**

v.

**William V. HELD et al., Defendants-Appellants.**

**No. 20672.**

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 1970.

Paul P. Lipton, Milwaukee, Wis., for defendants-appellants; Jules Ritholz, New York City, Arvin H. Reingold, Chattanooga, Tenn., of counsel.

John P. Burke, Atty., Tax Division, Dept. of Justice, Washington, D. C., for plaintiffs-appellees; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order of the District Court, 315 F.Supp. 352, enforcing an Internal Revenue Service summons issued under the authority of § 7602 of the Internal Revenue Code of 1954, 26 U.S.C. § 7602.

The summons was issued to William V. Held by a special agent of the Internal Revenue Service. It directed Held to produce specified records of sixteen named corporations and to testify with respect thereto. Held appeared on the return date but produced no records and refused to testify. To compel compliance with the summons, the United States and Special Agent Wilson initiated this enforcement action in the District Court, naming Held and the sixteen corporations as defendants.

Another prong of this investigation is discussed in United States v. Artman, et al., 435 F.2d 1375 (6th Cir.), in which the opinion is issued contemporaneously with the release of the opinion in the present case.

The enforcement action was tried before District Judge Frank W. Wilson, sitting without a jury. Judge Wilson entered an order enforcing the summons, supported by detailed findings of fact and conclusions of law which are attached as Appendix A to this opinion. On motion of Held and the respondent corporations, this Court stayed the execution of the enforcement order pending the hearing and disposition of the appeal. The case was advanced on the calendar of this Court and heard on October 15, 1970.

We affirm.

In July 1967, Held's tax return for 1965 was assigned to a revenue agent of the Internal Revenue Service for audit. By April 1968, the revenue agent's investigation indicated probable ties between Held and all or at least some of the respondent corporations. The agent considered these suspected ties to have possible criminal ramifications in addition to civil tax liability consequences. The revenue agent thereupon filed a referral report with the Intelligence Division of the Internal Revenue Service recommending an investigation for possible tax fraud. A special agent from the Intelligence Division was assigned to the investigation.

Beginning in June 1968, the special agent and a revenue agent began a comprehensive investigation in the area of Chattanooga, Tennessee, of all connections between Held and the respondent corporations. The agents inspected all corporate records available to them and checked all corporate bank accounts they could locate. By August 1969, the investigation indicated that Held was in ef-

fective control of all the respondent corporations, but that he had not permitted his name to be reflected as a corporate officer of record. The investigation further indicated to the satisfaction of the agents that Held controlled the bank accounts and other financial affairs of the corporations. Thereupon the special agent issued the § 7602 summons.

For a more complete recitation of the facts reference may be made to the findings of fact and conclusions of law of the District Judge, Appendix A hereto.

■ Appellants challenge the validity of certain findings of the District Court. It is argued that the record does not support the findings that the requested corporate records are in existence and that Held has the power to produce them. It is not disputed that all records sought under the summons are of the type customarily kept by corporations. We hold that these findings of the District Court are supported by the record and are not clearly erroneous. Fed.R. Civ.P. 52(a).

The three principal questions raised on this appeal are: (1) whether a summons issued for the dual purpose of ascertaining both the civil tax liability and the presence of criminal tax fraud, if any, on the part of a taxpayer is authorized under § 7602; (2) whether a § 7602 summons directing the production of corporate records by the person in control of them is enforceable when addressed only to such person without specifying his relationship to the corporation; and (3) whether the order of the District Court enforcing the § 7602 summons violates Held's Fifth Amendment privilege against self-incrimination.

*(1) Dual Purpose of the Summons*

■ The facts as they existed on the date of the issuance of the summons are the facts under which the validity of the summons is to be tested. United States v. Giordano, 419 F.2d 564, 568 (8th Cir.), cert. denied 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648; In re Magnus, Mabee and Reynard, Inc., 311 F.2d 12,

16 (2nd Cir.), cert. denied, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198.

■ The District Court found as a fact that the summons was issued at least in part to determine the civil tax liability of the respondent corporations. It is obvious that the requested records might also be helpful in the investigation of possible tax fraud. The District Court did not determine the primary purpose for which the summons was issued and we find it unnecessary to make such a determination in disposing of this issue. Even if the primary purpose of the summons was to further the criminal tax investigation, we believe the secondary purpose of determining appellant's civil tax liability would support the validity of the summons. See United States v. Michigan Bell Tel. Co., 415 F.2d 1284, 1286 (6th Cir.).

In United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112, the Supreme Court set out the requirements for the enforcement of a § 7602 summons as follows:

"[T]hat the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed * * *."

Section 7602 expressly provides the summons may be issued:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax * * *, or collecting any such liability * * *."

The purpose of determining the civil tax liability of the respondent corporations is without question a valid and proper purpose for the issuance and enforcement of the § 7602 summons served on Held.

■ Appellants contend that the fact that the summons will also further the criminal tax investigation vitiates its

authorized purpose. This contention is not novel, and so far as we are able to find, all existing precedent supports the conclusion of the District Court. It is well settled that a § 7602 summons issued for an authorized purpose is entitled to enforcement even though it may produce evidence of criminal conduct on the part of the taxpayer. United States v. Fruchtman, 421 F.2d 1019, 1022 (6th Cir.); United States v. Roundtree, 420 F.2d 845, 851 (5th Cir.); United States v. Giordano, supra, 419 F.2d 564, 568 (8th Cir.) cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648; United States v. Michigan Bell Tel. Co., supra, 415 F.2d 1284, 1286 (6th Cir.); Di-Piazza v. United States, 415 F.2d 99, 103 (6th Cir.); United States v. De-Grosa, 405 F.2d 926, 928 (3rd Cir.); Lash v. Nighosian, 273 F.2d 185, 188 (1st Cir.), cert. denied, 362 U.S. 904, 80 S.Ct. 610, 4 L.Ed.2d 554. See also United States v. Powell, supra, 379 U.S. 48, 85 S.Ct. 248; Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122 aff'g 320 F.2d 500 (6th Cir.).

Enforcement of the summons is not precluded by the possibility that it eventually might lead to a criminal prosecution.

It is to be noted that no criminal charges of any type relating to the matters under investigation by the Internal Revenue Service are presently pending against the appellants. The special agent deposed that no conclusion as to the existence of fraud had been reached in this case.

### (2) The Address of the Summons

■ The summons was addressed to William V. Held. Appellants contend that the summons is unenforceable because the relationship of Held to the corporation whose books he was directed to produce was not specified in the address of the summons. We find this contention to be without merit.

The District Court made a finding that Held either had custody of the requested records or had control over them at the time the summons was issued.

■ The Government does not undertake to label the relationship of Held to the corporations, presumably because the investigation revealed Held to be in control of the corporations without occupying an official position. We hold that a taxpayer who is in control of a corporation cannot shield himself from a § 7602 summons by refusing to accept an official position with the corporation.

Section 7602 expressly authorizes the Secretary of the Treasury or his delegate:

"(2) *To summon* the person liable for tax or required to perform the act, or any officer or employee of such person, or *any person having possession, custody,* or *care of books* of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry * * *." (Emphasis added.)

We conclude that a summons addressed to William V. Held directing the production of specified corporate records which were in his custody or under his control is addressed in accordance with the provisions of the statute.

### (3) The Fifth Amendment Issue

Appellants, and Held in particular, contend that the enforcement of the summons would violate Held's Fifth Amendment privilege against self-incrimination. Held was ordered by the District Court to produce specified corporate records and to testify concerning the tax liabilities and the correctness of the income tax returns of the respondent corporations.

■ With regard to the corporate records, it is well settled that a custodian of such records, or an officer of the corporation, may not refuse to produce corporate records on Fifth Amendment

grounds. United States v. Kordel, 397 U.S. 1, 7, 90 S.Ct. 763, 25 L.Ed.2d 1; George Campbell Painting Corporation v. Reid, 392 U.S. 286, 288–289, 88 S.Ct. 1978, 20 L.Ed.2d 1094; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Essgee Co. of China v. United States, 262 U.S. 151, 158, 43 S.Ct. 514, 67 L.Ed. 917; Wilson v. United States, 221 U.S. 361, 377–86, 31 S.Ct. 538, 55 L.Ed. 771.

■ With regard to the testimony of Held, we do not interpret the District Court's opinion as a predetermination of whether Held will be required to answer any particular question that might be asked of him. We construe the District Court's order to require Held to appear and to answer all questions relevant to the inquiry to which he raises no valid claim of self-incrimination.

Neither the District Court nor this Court can know what questions will be asked of Held pursuant to the summons, or whether Held will refuse to answer any or all questions propounded to him.

Questions that in no way could be incriminating to Held and questions "auxiliary to the production" of corporate records will not give rise to the Fifth Amendment privilege. Curcio v. United States, 354 U.S. 118, 125, 77 S.Ct. 1145, 1 L.Ed.2d 1225, citing United States v. Austin-Bagley Corp., 31 F.2d 229, 233–34 (2nd Cir.).

Not until questions have been propounded and objection made can a claim of Fifth Amendment privilege be determined. United States v. Terry, 362 F.2d 914, 917 (6th Cir.), cert. denied, 385 U.S. 1029, 87 S.Ct. 758, 17 L.Ed.2d 676; United States v. Harmon, 339 F.2d 354, 359 (6th Cir.), cert. denied, 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963; United States v. Roundtree, supra, 420 F.2d 845, 852 (5th Cir.).

We conclude that no violation of Fifth Amendment rights is established at the present stage of this proceeding.

#### (4) Other Issues

■ Two other questions raised by the appellants require only brief com-

ment. For the reasons set forth in the findings of the District Court, we agree that the summons did not call for a second inspection in violation of 26 U.S.C. § 7605(b). Further, we find no abuse of discretion by the District Court in denying appellants access to selected information contained in the initial referral report of the revenue agent to the Intelligence Division. The report was produced for *in camera* inspection by the District Court. All information contained therein was given to appellants except the tentative statement of additional taxable income, the schedule of specific items of omitted income, and information indicating intent to defraud.

All other contentions asserted by appellants have been considered and found to be without merit.

The stay order heretofore issued is dissolved. The judgment of the District Court is affirmed.

### APPENDIX A

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

(The text of Appendix A is omitted since it is published at 315 F.Supp. 352.)