436 F.2d 969
 71-1 USTC P 9151
 UNITED STATES of America and Joe M. Wilson, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
Elbert L. WILLSON, Cashier, Citizens National Bank, and
Citizens National Bank, Respondents, v. William V.
HELD, Intervenor-Appellant.
 No. 20865.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1971.
 
 Paul P. Lipton, Milwaukee, Wis., Arvin H. Reingold, Chattanooga, Tenn., on brief for intervenor-appellant; Jules Ritholz, New York City, of counsel.
 Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, and John P. Burke, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief for petitioners-appellees; John L. Bowers, Jr., U.S. Atty., Jerry Foster, Asst. U.S. Atty., Chattannoga, Tenn., of counsel.
 Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the District Court enforcing an IRS summons issued pursuant to 7602 of the Internal Revenue Code of 1954, 26 U.S.C. 7602. The summons was issued to the Cashier of the Citizens National Bank of Athens, Tennessee, by Joe M. wilson, a special agent of the Internal Revenue Service. The summons requested the production of bank records relating to the accounts of William V. Held and 18 named corporations, all customers of the bank.
 
 
 2
 The Citizens National Bank filed a response stating its willingness to comply with the summons. The bank is not before the Court on this appeal.
 
 
 3
 William V. Held, the taxpayer under investigation by the Internal Revenue Service, filed a motion in the District Court to intervene in the enforcement action and sought to have enforcement of the summons denied. Held asserted that the summons was issued for the improper purpose of building a criminal case against him, that enforcement of the summons would violate his Fourth and Fifth Amendment rights, and that the summons was tainted by prior illegal searches of records of various corporations by IRS agents. When Held failed to comply with the District Court's requirement that, as a prerequisite to intervention, he make a claim under oath of a proprietary interest in the bank records, District Judge Frank W. Wilson denied the motion to intervene and ordered the summons enforced. This Court stayed the District Court's order enforcing the summons pending final disposition of this appeal.
 
 
 4
 We find it unnecessary on this appeal to deal specifically with the question of the right of intervention. Assuming without deciding that Held was entitled to intervene, this Court has considered fully each of his claims attacking the validity of the summons. In light of our decisions in two closely related cases, United States v. Held, 435 F.2d 1361 (6th Cir.), and United States v. Artman et al., 435 F.2d 1375 (6th Cir.), we find no possible merit in any of Held's claims. The summons was issued in furtherance of the same IRS investigation considered by the District Courts and this Court in Held and Artman. We find nothing peculiar to the issuance of the present summons to distinguish it from the summons we held to be issued validly in Held and Artman. Reference is made to the opinions in those cases for a full treatment of the legal issues presented by the claims asserted by Held in the present case. The stay order heretofore entered is dissolved. The order of the District Court enforcing the summons is affirmed.