**UNITED STATES of America et al., Petitioners-Appellees,**

v.

**Edward H. PETER, Jr., Individually, and as President of Pine Meadows, Inc. and as President of Pecon, Inc., Respondent-Appellant.**

**No. 72–2015.**

United States Court of Appeals, Sixth Circuit.

May 24, 1973.

148

Earl S. Wilson, Jr., Lexington, Ky., for respondent-appellant; J. Montjoy Trimble, Lexington, Ky., on brief; Kincaid, Wilson, Schaeffer, Trimble & Hembree, Lexington, Ky., of counsel.

John P. Burke, Tax Division, Dept. of Justice, for petitioners-appellees; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Mary J. McGinn, Tax Division, Dept. of Justice, Washington, D. C., on brief; Eugene E. Siler, U. S. Atty., Robert E. Rawlings, Asst. U. S. Atty., of counsel.

Before PECK and LIVELY, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

## PER CURIAM.

Appellant was found in contempt of Court for his refusal to produce records specified in two summonses issued by the Internal Revenue Service. Appellant was president of two corporations, of which he was also the sole shareholder, and the summonses had been issued to him in this capacity. Sometime in 1966 the separate bank accounts of the two corporations had been closed and thereafter their affairs were transacted through appellant's personal bank account. In the course of an income tax investigation an agent discovered that substantial amounts of money had been received by appellant which he had not identified and which he was unable to explain.

The two summonses directed appellant to appear and give testimony and to produce for examination "[A]ll bank statements, cancelled checks, deposit tickets or duplicate original deposit tickets for the calendar years 1965, 1966, 1967 and 1968" of each of the corporations. The summonses were supported by certificates of service and the affidavit of the investigating special agent. Appellant appeared but refused to testify or produce the records referred to in the summonses. Thereupon appellee filed a petition to enforce the summonses and the district court, after a lengthy hearing, entered an order that appellant, as president of the two corporations, appear before the designated agent and produce all the corporate records specified in the two summonses. The appellant did not seek a stay of the order, nor was an appeal taken from it.

Only a few of the records were turned over to the agent and, upon petition, the district court entered an order to show cause why the appellant and his attorney should not be held in contempt of court.

The court found that appellant's refusal to produce the records as previously ordered constituted a contempt, but that his attorney was free of contempt. At the hearing on the show cause order appellant suggested that all the records be delivered to the district judge for inspection by him *in camera*. Judge Swinford declined to do this, pointing out that he would have no basis upon which to divide the personal records from the corporate ones in view of appellant's method of handling his affairs. At this point the attorney for the Internal Revenue Service reiterated that the I.R.S. was only interested in those checks on appellant's personal account which related to the two corporations.

The reason given by appellant for refusing to honor the I.R.S. summonses was that he was under investigation for possible criminal tax fraud and that forced production of the specified records would violate his Fifth Amendment privilege against self-incrimination. The records to which the summonses were directed were corporate records. A corporation may not claim a privilege against self-incrimination, nor may a corporate officer refuse to produce records of the corporation on Fifth Amendment grounds. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); United States v. Held, 435 F.2d 1361 (6th Cir. 1970), cert. denied 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed. 2d 545 (1971). Appellant could not clothe the records of his two corporations with immunity by mingling them with his personal records. Appellant attempted to put the burden of unscrambling his affairs on the Internal Revenue Service by refusing to produce the records. The summonses were valid and should have been obeyed. There was no material variance between the summonses and the order directing compliance. The fact that evidence of criminal conduct by appellant could possibly be discovered by

**150**

examination of the corporate records did not render the summonses defective. United States v. Held, *supra*. Although the Intelligence Division had entered the case for the purpose of seeking evidence of fraud, there were no pending criminal charges, nor had the investigation been initiated solely for criminal purposes. Under these circumstances an I.R.S. summons cannot be challenged on the ground that its purpose is to establish a criminal tax fraud case. Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

■ As noted earlier, appellant did not appeal from the order enforcing the summonses, though he challenged them on the same Fifth Amendment grounds in the hearing on the petition for enforcement. This was an adversary hearing and the order of enforcement was appealable. Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). Having failed to appeal the final adjudication of his Fifth Amendment defense, appellant cannot now relitigate the issue in these contempt proceedings. Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). When appellant failed to appeal from the order of enforcement, the issues before the court in that proceeding became *res judicata*. United States v. Secor, 476 F.2d 766 (2d Cir. 1973). When he refused to comply with the unappealed order of enforcement appellant's act of contempt was complete. Developments subsequent to the act of contempt which indicate a possible intention on the part of the Internal Revenue Service to discontinue the investigation are not relevant to this Court's determination of the issues presented by this appeal. Therefore, appellant's motion to vacate or modify is denied.

The judgment of the district court is affirmed. Appellant will pay the costs herein.