UNITED STATES of America and Doris R. Edwards, Revenue Agent of the Internal Revenue Service, Petitioners,

v.

BARTER SYSTEMS OF GRAND RAPIDS, David G. Thaler and David D. Tichelaar, Partners, Respondents.

No. G82–36 Misc.

United States District Court,
W.D. Michigan, S.D.

Nov. 29, 1982.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., U.S. Dept. of Justice, D. Patrick Mullarkey, Chief, Civil Trial Section, Northern Region, Tax Div. by Allen R. Mass and Glenn L. Archer, Jr., Washington, D.C., for petitioners.

C. Peter Rose, William & Jensen, Washington, D.C., Herbert J. Ranta, Grand Rapids, Mich., for respondents.

## OPINION

HILLMAN, District Judge.

### INTRODUCTION

This is an action to enforce an Internal Revenue Service (IRS) summons pursuant to 26 U.S.C. § 7402(b), 7604(a). The IRS summons was issued by Revenue Agent Doris Edwards to Barter Systems of Grand Rapids (Barter Systems), under section 7602[1] of the Internal Revenue Code of 1954.

On May 4, 1982, an order was entered by this court directing respondents to appear before United States Magistrate Stephen Karr to show cause why they should not be compelled to obey the summons. On June 21, 1982, a hearing was held before Magistrate Karr at which Barter Systems contended that the summons should not be enforced because the IRS did not follow John Doe summons procedures set forth in 26 U.S.C. § 7609(f).[2] Specifically, respondents contended that the summons which sought to obtain the identity of Barter Systems members was unenforceable unless the IRS resorted to John Doe procedures. Following the hearing, Magistrate Karr issued a Report and Recommendation in which Magistrate Karr recommended that this court issue an order directing respondents to comply with the terms of the summons.

Currently, before the court are respondents' objections to the Magistrate's Report and Recommendation. First, respondents contend that the Magistrate failed to consider the IRS's purpose in conducting an investigation into Barter Systems' tax liability. Second, respondents contend that the Magistrate incorrectly refused to consider that section of the IRS Manual which requires the use of the John Doe summons. Third, respondents have suggested that this court stay a decision in the present case pending a decision by the Court of Appeals for the Sixth Circuit in *United States v. Thompson,* No. 81–3488 (M.D.Tenn. Sept. 30, 1981), appeal pending No. 81–5759 (6th Cir.). After addressing those portions of the Magistrate's Report and Recommendation to which specific objection has been made, I accept the recommendation of the Magistrate. Consequently, an order shall be entered compelling respondents to comply with the terms of the summons served upon them.

1. 26 U.S.C. § 7602 provides:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, or records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry."

2. 26 U.S.C. § 7609(f) provides:

"(f) Additional requirement in the case of a John Doe summons.—Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources."

*See, In the Matter of the Tax Liabilities of John Does,* 671 F.2d 977 (6th Cir.1982) for the legislative history of the section and the circumstances under which John Doe summons may be used.

## STATEMENT OF THE CASE

Barter Systems is a barter exchange. It commenced business in June of 1979 as a partnership in which respondents David Thaler and David Tichlaar were partners. In September of 1981, Mr. Thaler purchased Mr. Tichlaar's interest in the exchange.

Like other such enterprises, Barter Systems is a clearing house for the exchange of goods and services without the payment of money. When an exchange member wants to purchase an item or service, he is referred to another member who can supply the desired product or service. In return for supplying the product or service, the supplying member receives trade credits or trade units which can be used to acquire products or services from other members. A purchasing member pays for the furnished product with trade units accumulated from sales he has made or with a line of credit extended by the exchange against future sales. In return for the services it renders, Barter Systems receives membership fees and a ten percent service charge paid by the purchasing member in each bartering transaction.

The IRS is conducting an investigation into the tax liability of Barter Systems, David Thaler and David Tichlaar for the period June 1, 1979, to December 31, 1979. This investigation was commenced pursuant to instructions of the Director of the IRS Examination Division which directed District Officers to begin investigating Barter exchanges and their members. The purpose of these barter projects was to identify and audit barter exchanges and their members. The procedures outlined in the directive were formally incorporated into the IRS Manual on March 11, 1980.

The stated purpose of the barter project was to select tax returns that were in need of auditing. Pursuant to this objective, Revenue Agent Doris Edwards, in August of 1981, was assigned to conduct an examination of the partnership return of David Thaler and David Tichlaar. On January 26, 1982, Agent Edwards issued and served a summons on Barter Systems, through its agent, David Thaler, directing Mr. Thaler to produce the following documents:

"A list of all the members showing name, address, account number, and any other identifying number; such as, social security number or employer identification number.

Copies of all transaction authorization slips.

Any manually—or computer-prepared records, such as Daily Trade Sheets, made of the daily transactions of all members.

Each periodic statement issued to each member, showing purchase order number (authorization number), date of transaction, description, account number of the entity with whom the bartering transaction took place, purchase or sales amount, service charge and balance."

Barter Systems is willing to furnish all the documents referred to in the summons except for the list of its members. Barter Systems claims that the real purpose of the IRS summons is to audit the members of the exchange. Therefore, Barter Systems contends that the IRS is required to use the John Doe summons procedures contained in 26 U.S.C. § 7609(f).

In support of its contention, Barter Systems relies on the March 11, 1980, IRS Manual Supplement. The Manual not only sets forth the objectives of the Barter Project but also provides that John Doe summonses should be used pursuant to section 7609(f) to obtain the identity of exchange members and details of their transactions if the barter exchange declines to furnish the information.

On the other hand, IRS claims that it is investigating the tax liability of Barter Systems and that in order to do this properly, it needs the names of the members to verify whether or not Barter Systems has properly reflected its transactions with its members. In support of this contention, IRS relies heavily on the testimony of Agent Edwards who stated that at the time the summons was issued, she had not read the IRS Manual Supplement and had no intention of auditing individual members. Therefore, IRS argues it need only comply with the general summons procedures of section 7602 which

are applicable to an investigation of a named taxpayer. Nevertheless, the testimony at the hearing established that Agent Edwards was required to forward the names and addresses to the Barter Project coordinator in Detroit, who in turn would inspect the returns of the members of Barter Systems to select a sample for audit.

## I.

### STAY OF PROCEEDING

■ Turning first to Barter Systems' suggestion that this court stay any decision in the present action, pending a definitive ruling by the Sixth Circuit, I find a stay in the present action to be improper. Courts have consistently recognized that an action to enforce an IRS summons must be concluded promptly. *United States v. Hodgson,* 492 F.2d 1175 (10th Cir.1974); *United States v. Davey,* 426 F.2d 842 (2d Cir.1971).

Indeed Congress has directed that actions brought to enforce any IRS summons are to take precedence over all cases on a federal court's docket. In light of congressional and judicial directives, I find that the instant matter must be decided promptly. Therefore, this court shall not stay its decision pending a ruling from the Court of Appeals for the Sixth Circuit.

## II.

### OBJECTIONS TO THE REPORT

A. *IRS motive.* Barter System's major objection to the Magistrate's report is that Magistrate Karr focused his analysis on Agent Edwards' need for the names of Barter Systems' members without considering the institutional motive of the IRS. Magistrate Karr found that, based on Agent Edwards' testimony, the primary and basic purpose of the IRS in issuing the instant summons was to determine the tax liability of Barter Systems. Barter Systems contends that the March 11, 1980, IRS Manual shows that the primary purpose of the Barter Project was to obtain names of unknown individuals for auditing purposes. Therefore, Barter Systems contends that the IRS must use John Doe summons procedures. I disagree.

■ The summons in question was issued pursuant to 26 U.S.C. § 7602. The standards necessary for judicial enforcement of an IRS summons are four-fold. First, the IRS must show that the investigation will be conducted pursuant to a legitimate purpose. Second, that the inquiry may be relevant to that purpose. Third, that the information sought is not already within the Commissioner's possession. Fourth, that the proper administrative procedures have been followed. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

In objecting to the Magistrate's Report, Barter Systems does not contest the applicability of the *Powell* standards or the existence in the present case of the later three *Powell* elements. Rather, Barter Systems challenges the enforcement of the instant section 7602 summons on the ground that it was not issued in good faith pursuant to a congressionally-authorized purpose.

Barter Systems' contention rests on two grounds. First, Barter Systems contends that in order for a court to determine the good faith purpose for which a summons was issued, the intent of the individual IRS agent who issued the summons is irrelevant. Rather, a court must ascertain the purpose for issuing the summons from the IRS as an institution. Second, Barter Systems contends that the March, 1980, Manual Supplement, which stated that the purpose of the Barter Project was to identify and audit barter exchanges and their members establishes that the true institutional purpose of the instant summons was to secure identities of Barter Systems' members. Consequently, Barter Systems claims that the IRS's proffered reason for issuing the summons was made in bad faith. I disagree.

■ Although a summons issued for any purpose other than aiding a determination of tax liability exceeds the authority of section 7602, federal courts have generally recognized that a summons may have a dual purpose. *United States v. Fruchtman,* 421 F.2d 1019 (6th Cir.1970); *United States v.*

*Michigan Tell Tel. Co.,* 415 F.2d 1284 (6th Cir.1969); *Perry v. Constantinides v. United States,* 80–2 USTC (D.C. MD 1980). Indeed, the Court of Appeals for the Sixth Circuit in upholding the enforcement of a section 7602 summons, despite the fact that one of the purposes of the civil summons was intended to further a criminal tax investigation stated, "Even if the primary purpose of the summons was to further the criminal tax investigation, we believe the secondary purpose of determining appellant's civil tax liability would support the validity of the summons." *United States v. Held,* 435 F.2d 1361, 1364 (6th Cir.1970).

 I find the holding of *Held, supra,* although not directly on point, to be persuasive authority in the present case. To the extent that the March, 1980, Manual Supplement establishes that a purpose of the Barter Project is to secure names of barter exchange members, it also establishes that a purpose of the project is to identify and audit barter exchanges. Due to the stated purpose of the Barter Project and due to the fact that Barter Systems does not contest the finding that at least one purpose of Barter Project was to investigate Barter Systems, I find that, in agreement with the Magistrate's Report, the IRS's genuine and primary interest in auditing Barter Systems supports the validity of the instant summons.

In support of its position, Barter Systems places great reliance on *United States v. Gottlieb,* 82–1 USTC 99257 (M.D.Fla., 1982), and on *United States v. Barter Systems, Inc.,* 82–1 USTC 9127 (D.C.Neb.1982), *appeal pending* No. 81–2270 (8th Cir. Nov. 12, 1981). In those cases, two federal district courts found that the Barter Project had the dual purpose of investigating barter exchanges as well as investigating members of the exchange. In both cases, the district courts found that where the IRS had this dual purpose, John Doe summons procedures under 26 U.S.C. § 7609(f) must be followed. *Id.*

In distinguishing *Barter Systems, supra,* and *Gottlieb, supra,* the Magistrate found that the IRS had no present intent to inves-

tigate individual exchange members. Consequently, the Magistrate found the holdings of *Gottlieb* and *Barter Systems* to be inapposite to the present case. Based on this court's finding that the IRS Manual Supplement of March, 1980, establishes some IRS intent to investigate individual members of Barter Systems, I must reject the Magistrate's basis for not applying *Gottlieb* and *Barter Systems.* Nevertheless, I decline to follow the holdings of *Gottlieb* and *Barter Systems.*

Whatever the relative merits of *Gottlieb* and *Barter Systems* may be, the Sixth Circuit has conclusively held that a section 7602 summons is enforceable even though the IRS may have a dual purpose in issuing the summons. *Cf., Held, supra.,* 435 F.2d at 1364. Therefore, the existence of a dual purpose in the present case compels this court to enforce the summons in question and to reject the holdings of *Gottlieb* and *Barter Systems.*

B. *Objections re Section 8.* Finally, Barter Systems has objected to the Magistrate Report and Recommendation on the ground that the Magistrate improperly refused to consider the section of the March, 1980, IRS Manual which, allegedly, requires the use of John Doe summons procedures under the instant circumstances. Specifically, Barter Systems points to section 8 of the Manual which states that if an operator of an exchange declines to furnish the identities of exchange members, John Doe summons procedures should be followed.

In addressing Barter Systems' contention, the Magistrate found that the March, 1980, Manual was an internal IRS document issued to instruct IRS personnel in performing their duties and did not create any enforceable rights for taxpayers. Barter Systems has objected to the Magistrate's finding on the ground that although the IRS Manual may not create independent legal rights, the Manual does set forth what Congress required by enacting John Doe summons procedures. Furthermore, Barter Systems contends that section 8 of the March, 1980, Manual establishes that the true purpose of the Barter Project is to audit individual exchange members.

As a preliminary matter, I agree with the Magistrate's statement that section 8 of the IRS Manual does not create any enforceable rights for taxpayers. *See, United States v. Will,* 671 F.2d 963 (6th Cir.1982). Furthermore, I can discern no intent by the writers of the Manual or by Congress to restrict the broad statutory power conferred on the IRS to summon data, under general administrative summons provisions, to ascertain the correctness of any return. 26 U.S.C. § 7602. So long as the requirements of *United States v. Powell, supra,* have been met, a section 7602 summons should be enforced. The issuance of the instant summons is valid notwithstanding that the summons requires disclosure of documents that may also lead to information regarding the tax liabilities of other individuals. *See, United States v. Johnston,* 82–1 USTC 9370 (E.D.Mich.1982). Based on this court's earlier finding that the instant summons has satisfied the requirements of *Powell, supra,* I find that the issuance of the present summons falls within the power conferred under the provisions of 26 U.S.C. § 7602. Therefore, the instant summons should be enforced.

Finally, although I agree with Barter Systems that the March, 1980, Manual may show an IRS intent to investigate individual exchange members, I find that this evidence of intent does not invalidate the use of a section 7602 summons in the present case. At most, the Manual establishes the dual purpose of the Barter Project which this court has already found to be sufficient to support the validity of the instant summons. Therefore, I find that the summons in the present case is enforceable.

## CONCLUSION

In conclusion, I find that the section 7602 summons issued in the present case meets the requirements set forth in *United States v. Powell, supra.* Although the summons in the instant case may serve a dual purpose, I conclude that the summons was validly issued. Therefore, in agreement with the Magistrate's recommendation, an order shall be entered directing Barter Systems to comply with the terms of the summons.