14068

BETHEA *ET AL.* v. ALLEN *ET AL.*

(181 S. E., 893)

Messrs. *L. D. Lide, Joe P. Lane, W. C. Moore* and *N. B. Hargrove,* for appellants,

Messrs. *Gibson & Muller,* for respondents,

May 21, 1935.

The opinion of the Court was delivered by MR. T. S. SEASE, ACTING ASSOCIATE JUSTICE.

The above-entitled action, commenced in the Court of Common Pleas for Dillon County in the early part of 1929, is a suit on stockholders' liability of the stockholders of the Bank of Dillon, which was a consolidation of the First National Bank of Dillon, the Bank of Dillon, and the Peoples Bank. The complaint alleged the names and the amount of stock owned by each of the stockholders in the three banks; that the stockholders had authorized and approved a consolidation as might be agreed to by the directors; that the directors had agreed upon a consolidation; that an actual consolidation of the assets of the three banks had taken place; that the formalities of law had not been complied with; that the consolidated bank had operated from January to November, 1928, doing a general banking business; that it became insolvent and closed on November 6, 1928; that its assets were not sufficient to pay the depositors and other indebtedness, and it was necessary to collect stockholders' liability, and prayed judgment against the stockholders for the amount of stock owned by each in the several banks.

To this complaint the stockholders of the First National Bank demurred on the ground that the comptroller of the currency alone had jurisdiction to determine their liability in the First National Bank, and they, together with the stockholders of the Peoples Bank, demurred on the ground of a misjoinder of causes of action; that the plaintiff had not capacity to sue; and that it appeared upon the face of the complaint that the original Bank of Dillon had assumed the liability of the banks of which they were stockholders, and hence there was no stock liability on their part. This demurrer was overruled by F. L. Willcox, Esquire, Special Referee, whose ruling was sustained by Judge E. C. Dennis of the Fourth Circuit.

The stockholders of the Bank of Dillon had answered, and upon the overruling of the demurrer the stockholders in the other two banks answered, setting up practically the

same defenses as set up by demurrer. Testimony was taken by the Special Referee and upon argument he found as facts that more than 90 per cent. of the stockholders in each bank had signed an agreement authorizing the directors to consolidate the three banks; that the directors, on the 17th day of January, 1928, agreed to such consolidation; that an appraisal committee was appointed who had appraised the notes; that it was not necessary to appraise money; that the bonds and real estate in the several banks were on a parity, so far as valuations were concerned; that it had been agreed that the capital stock of the new bank should be $100,000-.00; and that while there had not been a legal consolidation and that the stockholders in the several old banks might not be technically liable for stock held in the new bank, yet they were still liable on their liability in the original banks; and as the depositors had impliedly consented to the consolidation, the stockholders would be estopped to deny liability to the extent of $100,000.00. He, therefore, found that stockholders in the Bank of Dillon would have received 60 per cent. of the face value of the stock held by them in the old bank in the new; that those in the Peoples Bank would have received 38.8 per cent. of their old stock, and those in the First National Bank would have received 29.9 per cent. of such stock, and recommended that the plaintiff, liquidating committee, have judgment against the stockholders in the several banks for the percentages mentioned of their original stock. From this finding an appeal was taken which was heard by Judge W. H. Townsend of the Fifth Circuit, who affirmed the finding of the Referee; however, stating that the liability was not based upon the statute, but upon contract. This appeal questions the correctness of the holdings on demurrer and the findings of fact and conclusions of law on the merits. The exceptions are numerous, but counsel agree that they raise five main issues.

It is first contended that the Court had no jurisdiction to pass on the liability of the stockholders of the First National Bank of Dillon, because federal au-

thorities and Courts alone have jurisdiction thereof. As a general proposition, this is unquestionably true. Section 65, Title 12, United States Code (12 U. S. C. A., § 65); *Rankin v. Barton,* 199 U. S., 228, 26 S. Ct., 29, 50 L. Ed., 163; *Easton v. Iowa,* 188 U. S., 220, 23 S. Ct., 288, 47 L. Ed., 452; *Chase v. Hall* (C. C. A.), 30 F. (2d), 195; *Liberty National Bank v. McIntosh* (C. C. A.), 16 F. (2d), 906.

However, in this case, the stockholders of the First National Bank have placed themselves in a position where this contention cannot avail them. They, through the directors, agreed to take part in forming a new State corporation, and to all intents and purposes did form a *de facto* corporation under the laws of the State, and, having done so, they will not be heard to say the State Court has no jurisdiction to compel them to respond upon their liability.

The second issue is that the liability of the appealing stockholders cannot be passed on in this action because there is a misjoinder of causes of action in the complaint, the attempt being made to enforce the liability of the stockholders of the three separate banks in the same suit. It cannot be questioned that if the premises were correct, the position would have to be sustained.

It is true the complaint sets out the holdings of the stockholders in the original banks as separate institutions, but it also alleges the consolidation and the formation of a new corporation; not legally formed, but to all intents and purposes performing the functions of a *de jure* institution. To say that the suit cannot be maintained in its present form would be practically to say that the stockholders were relieved from all liability. It may be true that some of the certificates of deposit were not renewed, but all of the assets, which were primarily liable for the payment of them as liabilities of the original institution, were mingled as a result of the acts of the stockholders acting through the directors, and it would be impossible to fix stockholders' liability in a separate suit for the liquidation of the individual banks. A

Court of equity, considering the facts as a whole, is the only forum that can work out a rightful determination of the issues involved, and this can be done only in one suit involving the rights of the stockholders and depositors growing out of the conditions as they actually exist. It must, therefore, be held that there is no misjoinder of causes of action; the pleader, in bringing the suit, rightfully set forth all of the facts, circumstances, and conditions surrounding the transactions, and upon the issues so made the Court must, as far as possible, protect the interest of all parties concerned.

It is next contended that stockholders' liability is purely a creation of statute, and since the consolidated bank was not formed according to law, and stock was not actually issued, that there is no liability. The Court cannot sustain this view. These stockholders would ordinarily be bound for the amount of stock owned by them in the original institutions. They, however, with the implied consent of depositors, mingled the assets of the three banks, opened up a new bank under the direct management of the three active executives and managers of the original banks, and of the directors thereof, and for a period of approximately ten months conducted a regular banking business in the Town of Dillon. In fact, it was the only banking institution in the town.

As a matter of law, the three banks could have consolidated. There is a federal statute permitting the consolidation of a national bank with a State bank, and there are State statutes permitting the consolidation of State banks, and of State banks with national banks. If the statute, either State or Federal, had been complied with, there would have been a *de jure* corporation. Failing to comply strictly with the statute, but entering into a plan according to which an actual banking institution was formed and one which could be legally formed, the Court must reach the conclusion that a *de facto* corporation existed. A *de facto* corporation has been defined as "an association which actually exists for all practical purposes as a corporate body,

but which, because of failure to comply with some provision of the law, has no legal right to corporate existence as against a direct attack by the State." 14 C. J., 204. The consolidated institution had officers and directors; borrowed money from correspondent banks; received deposits; published statements; was examined by the State Bank Examiner from time to time; and performed all of the functions of a regularly organized bank. In fact, as above stated, the banking department of the State recognized it as a bank. This being true, if a Court of equity can, from the proof presented, fix the liability of the stockholders in the new institution, then the mere fact that stock was not actually issued would not prevent the recovery of stockholders' liability. It is well settled that the certificate itself is merely an evidence of the interest of the stockholder in the corporation, but his actual property is his interest in the tangible assets of the corporation. If this property interest can be fixed, then he is a shareholder, whether the evidence of the interest be actually issued by the corporation or not. The Courts and text-writers have frequently recognized *de facto* corporations and held them and their stockholders to a like responsibility as if they had been incorporated in strict compliance with the laws governing such corporations. 7 Ruling Case Law, § 157; *L. D. George Lbr. Co. v. Daugherty* (C. C. A.), 214 F., 958; *McCarthy v. Lavasche*, 89 Ill., 270, 31 Am. Rep., 83; *Farmers Loan & Trust Co. v. Toledo, A. A. & N. M. Railway Co.* (C. C.), 67 F., 49, 55.

It follows then that if the consolidated corporation, which is here being liquidated, was a *de facto* corporation, and the stockholders of the original banks had become stockholders in the new bank, and actually owned an interest in them, which interest can be fixed by a Court of equity, then the statute applies and they are responsible to depositors in an amount equal to the stock that they actually owned in the consolidated *de facto* corporation. It is possible to place the liability upon estoppel, or perhaps upon contract under the particular circumstances of this case, but we prefer to place

the liability strictly under the statute, since the Court below has found that the stockholders in the several banks actually owned stock in the consolidated corporation, with which finding this Court concurs.

It is useless to go to any great extent into the facts. Admittedly, all parties in interest desired to consolidate the banks and form one new banking institution in the community. They did everything that could be done to form such a consolidation, except complying with the statute permitting such. The directors of all of the banks, acting as agents of the stockholders under the authority conferred upon them, took an active interest in the mingling of the assets, elected the officers who were to handle the assets so consolidated; permitted the advertisement of the bank as a consolidated institution; in at least one instance indorsed and guaranteed the repayment of funds borrowed from a correspondent bank, and all generally proceeded as joint owners of the institution. Appellants contend that no capital stock was ever fixed, because in publishing statements upon the call of the State Bank Examiner, the capital was still advertised as $75,000.00, the amount of capital of the original Bank of Dillon, and that depositors relied only on that amount of capital stock. In view of the agreement, this contention is not sound for the reason that it must have been generally known in the community that a capital stock of $100,000.00 was agreed on and that the publishing of the old capital stock was just pending the final consummation in legal form of the new corporation. The Court is satisfied with the basis upon which the Referee arrives at the liability of the several stockholders and approves same.

The fourth proposition is that the Bank of Dillon, the old corporation, purchased all of the assets of the other two banks and assumed all liability pending reorganization, and since the reorganization had not been completed, stockholders in the First National Bank and the Peoples Bank were relieved from all liability as stockholders in these banks. There can be no question from the evidence

that all of the parties in interest contemplated a consolidation and the formation of one new institution to do the banking business of the community. The conveyances referred to were made as a means of expeditiously bringing about such consolidation. The contract made by the stockholders of the several banks through their directors must be construed as any other contract, and the intent and purpose of the parties to it must be arrived at from a consideration of the language used and the circumstances surrounding them at the time. So construed, it never was the intention of the old Bank of Dillon to buy the assets of the two other banks in the ordinary sense of that term. What was contemplated was that the Bank of Dillon would take over the assets of the other two banks and the old stock in all three of the institutions would be canceled and new stock would be issued in a new institution on a basis of the value of the interest of each stockholder in the property as a whole. This is a frequent form of consolidation. 14 A. C. J., 1065; Annotation, 89 Am. St. Rep., 610; 7 Ruling Case Law, 155.

The Court, therefore, finds that the Bank of Dillon did not intend to purchase, nor did the Peoples Bank and the First National Bank intend to sell their assets to the Bank of Dillon, and consequently the exceptions raising this question are overruled.

Finally, appellants contend that the liquidating committee of the Bank of Dillon is without capacity to sue, certainly so far as the stockholders of the First National Bank and the Peoples Bank are concerned. The only ground upon which the liquidating committee could wind up three institutions in this action and maintain a suit against the stockholders is on the theory that only in a Court of equity can the issues involved in this suit be determined, because of the fact that the three institutions have jumbled their assets and liability must be based upon the contracts of consolidation and not upon the theory that three separate and distinct institutions are being liquidated. Based on this theory, under the Act of March 16, 1929, 36 St. at Large,

p. 199, only the liquidating committee has jurisdiction to collect stockholders' liability. The Code (Code 1932, §§ 7848, 7852), provides two modes of liquidating insolvent banks, one through a receiver, and the other through the State Bank Examiner, and under both Acts the same agency that liquidates the bank must liquidate stockholders' liability. *Branchville Motor Co. v. Adden,* 158 S. C., 90, 155 S. E., 277; *Shaw v. Fairey,* 160 S. C., 110, 158 S. E., 159; *Sharkey v. Ehrich,* 160 S. C., 489, 159 S. E., 371.

In the beginning, the suit was begun by depositors. Under the law as it then stood, they were the only persons who were authorized to institute such a suit. They having instituted a suit, it was a frequent custom of the Court to appoint an agent to collect and handle the funds for the depositors. That was what was done in this case when the Court directed the suit to be brought by J. Frank Thompson as receiver for the depositors. After the Act of 1929 was passed, requiring the receiver, or the State Bank Examiner, as the case might be, or the agent of the State Bank Examiner, to bring suit on stockholders' liability, it was necessary that in this action the liquidating committee be substituted for the receiver, the Court having held repeatedly (see cases *supra*), that even in cases in process of liquidation prior to the Act, the receiver or agent of the Bank Examiner must be substituted in the place and stead of depositors who had brought suit on stockholders' liability. The mere fact that some of the liquidating committee happened to be stockholders in the bank cannot effect the mandatory provision of the statute that the suit must be brought in the name of the agency winding up the bank. This contention, therefore, is without merit.

It is the judgment, therefore, of this Court that the judgment below, be, and the same is hereby, affirmed.

Mr. Chief Justice Stabler, Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice A. L. Gaston concur.