### 18928

E. E. DARGAN, as Liquidating Trustee in the Dissolution of Coastal Development Company of Conway, Inc., Plaintiff-Appellant, v. O. C. GRAVES, Jr., Defendant-Respondent. O. C. GRAVES, Jr., Plaintiff-Respondent, v. E. E. DARGAN, Defendant-Appellant.

(168 S. E. (2d) 806)

*Messrs. E. L. McGowan,* of Columbia, *H. T. Abbott,* of Conway, and *Wright, Scott, Blackwell & Powers,* of Florence, *for Plaintiff-Appellant, and Defendant-Appellant,*

*Messrs. J. Reuben Long* and *Eldridge R. Inman,* of Conway, *for Defendant-Respondent and Plaintiff-Respondent,*

*Messrs. E. L. McGowan,* of Columbia, *H. T. Abbott,* of Conway, and *Wright, Scott, Blackwell & Powers,* of Florence, *for Plaintiff-Appellant and Defendant-Appellant, in Reply.*

June 6, 1969.

LEWIS, Justice.

The issues in this appeal arise out of actions brought by the parties for an accounting in connection with a construction business in which they were engaged.

In the latter part of 1953 or early 1954, E. E. Dargan and O. C. Graves, Jr., entered into the construction business and thereafter engaged for several years in constructing houses for sale, mainly in Horry County, South Carolina. The business arrangement apparently arose from the desire of Dargan, who was engaged in the lumber manufacturing business, to obtain the services of Graves, an experienced builder. They operated, basically, under an agreement whereby Graves drew a salary and expenses each week and was to share in the net profits from the business. Their business transactions were in two phases. They first operated mainly as

E. E. Dargan Builders and constructed eighty-nine (89) houses under that name. The second phase of their operations, involving the construction of twenty-five (25) additional houses, was carried on under the style of Coastal Development Company of Conway, Inc. Their business operations ended in disagreement in 1960 and resulted in the present litigation which involves an accounting for the net profits for the entire period of their business association.

Two actions between the parties are involved. The first was brought by E. E. Dargan, as Liquidating Trustee in the disolution of Coastal Development Company of Conway, Inc., against O. C. Graves, Jr., for an accounting by Graves for amounts allegedly due by him from various transactions had on behalf of and in the name of the corporation. It was alleged in the complaint that by reason of collections for and purchases in the name of the corporation by Graves he was indebted to the corporation in the amount of $17,392.17, for which an accounting and judgment were sought.

.Graves filed an answer to the complaint in the foregoing action in which he admitted that a charter was issued for Coastal Development Company of Conway, Inc., but alleged that it was a sham corporation and that the business transactions of the parties were carried on under various names as a partnership with agreements from time to time as to the profits and losses. He further denied owing the indebtedness set forth in the complaint.

The second action was brought by O. C. Graves, Jr., against E. E. Dargan for an accounting of all of their business operations. Two causes of action were set forth in the complaint. The first alleged that eighty-nine houses were built by the parties, as partners, under the firm name of E. E. Dargan Builders; that Dargan was to receive 75% and Graves 25% of the profits; and that Dargan had failed to account to Graves for his portion of the net profits from such business. The second cause of action alleged that about December 1958 or early January 1959, after the construction of the eighty-nine houses, a new agreement was en-

tered into between Graves and Dargan whereby their partnership agreement would continue under the firm name of Coastal Development Company, each owning all assets and sharing the profits and losses on a 50% basis; and that Dargan had failed to account to Graves for his 50% share of the profits derived from the business so operated.

The answer of Dargan to the foregoing complaint, in substance, denied the existence of any partnership between the parties and denied owing Graves any amount.

The actions were consolidated for trial and the issues were, by consent, referred to a Special Referee to report his findings of fact and law thereon. Pursuant thereto the referee heard the testimony and filed his report in which he found that the parties first entered into a business relationship whereby they would engage in the construction and sale of houses under the name and style of E. E. Dargan Builders, with Graves receiving 25% of the net profits of the business in addition to a salary and expenses each week; and that subsequently, after the construction of eighty-nine houses, a new agreement was entered into under which they constructed twenty-five (25) houses under the name and style of Coastal Development Company of Conway, with Graves to receive 50% of the net profits from this operation.

The Referee denied the claim of Dargan, as Liquidating Trustee of Coastal Development Company of Conway, Inc., that Graves owed the corporation and recommended that the complaint in that action be dismissed. He found in the second action that a proper accounting between the parties showed that the business operated as E. E. Dargan Builders earned a net profit of $56,425.35; that Dargan had failed to account to Graves for his share of such profits; and recommended that judgment be entered against Dargan for 25% thereof which amounted to the sum of $14,106.34.

In addition, the Master found that Coastal Development Company of Conway had earned a net profit of $17,935.82; and that Graves had never received his share of these pro-

fits. While a corporate charter had been issued to Coastal Development Company, the Master held that Dargan had handled the matter as if it were his personal business and should be held personally liable for the amount due Graves. He accordingly recommended that a personal judgment be entered against Dargan for $8,967.91, representing 50% of the profits of Coastal Development Company, Inc. This, with the sum of $14,106.34, representing the profits due from E. E. Dargan Builders, made a total recommended judgment against Dargan of the sum of $23,074.25.

The Master further recommended an equal division between the parties of certain stock held in the name of the corporation and the payment to Graves, as a credit against the above judgment, of the sum of $3,129.77 now held by the clerk of court from the sale of two lots which had been transferred to the corporation.

The lower court subsequently entered judgment affirming the report of the special referee, from which Dargan has appealed.

The issues involved in this appeal concern (1) the accounting ordered by the lower court; (2) the conformity of the judgment to the issues raised by the pleadings; and (3) the corporate status of Coastal Development Company of Conway and its effect upon the personal liability of Dargan.

This is an action in equity and the appeal involves a review of concurrent factual findings by the Referee and the trial judge. It is well settled that such findings will not be disturbed on appeal unless they are without evidentiary support or are against the clear preponderance of the evidence.

A detailed review of the evidence relative to the accounting would serve no useful purpose. Dargan concedes that Graves was to receive 50% of the net profits from the business transacted under the name of Coastal Development Company, Inc., and the overwhelming

weight of the evidence sustains the findings of the referee and the lower court that Graves was entitled to 25% of the profits of E. E. Dargan Builders.

Most of the testimony concerned the question of what profits, if any, were earned in the foregoing business operations. Dargan denied that any profits were earned and contended that large losses were sustained. He attempted to sustain his position from business records introduced in evidence and a profit and loss statement prepared therefrom by his auditor. These business records, to say the least, lacked much in clarity and completeness. The profits found to have been earned were determined by the lower court upon the basis of a profit and loss statement prepared by an auditor employed by Graves. It was compiled in part from the business records, cost figures from comparable houses, and from sales prices revealed by the public records. While the figures adopted by the referee and the lower court were not shown in every instance by the business records, they were supported by credible testimony. In fact, the basic issues involved in the accounting turned to a great extent upon the credibility of the testimony of the parties, with which the referee and the trial judge were better situated to deal than we.

The concurrent findings of the referee and the trial judge with reference to the profits earned from the business transactions of the parties and the basis upon which these profits should be divided are sustained by the greater weight of the evidence and are affirmed.

Dargan next contends that the judgment entered by the lower court was not responsive to the pleadings and should be set aside for that reason. He relies upon the generally recognized principle that the relief granted in an action must be within the limits of the issues made by the pleadings. *Parker Peanut Co. v. Felder*, 207 S. C. 63, 34 S. E. (2d) 488.

■ Graves alleged in his complaint that the business relationship entered into by him with Dargan was that of a partnership. The effect of the findings of the lower court was to award judgment, instead, upon the basis of a profit sharing agreement. It is contended that the judgment so entered was not in conformity with allegations that Graves was entitled to an accounting on the basis of a partnership relationship.

While the complaint of Graves alleges that a partnership existed between him and Dargan, such was nothing more than a characterization of the facts alleged. We have held that such characterization by a plaintiff is not of controlling effect, and that the factual allegations determine the nature of the cause of action. *Bramlett v. Young*, 229 S. C. 519, 93 S. E. (2d) 873.

The pleadings clearly sought an accounting with reference to the entire business transactions between the parties and set forth the basic agreements upon which that accounting was demanded. Every basic fact relied upon by Graves was alleged in the pleadings and met by Dargan in the trial. Judgment was awarded on the basis of the proof adduced as to those factual issues. Certainly, Dargan was in no way surprised or prejudiced. We think that the basis for the accounting was in accordance with the facts alleged and the theory on which the case was tried.

The last question concerns the corporate status of Coastal Development Company and its effect on the personal liability of Dargan to Graves for the latter's share of the profits earned by that business.

As previously stated, the second phase of the business operations of the parties was conducted under the name of Coastal Development Company of Conway, Inc., which showed a net profit of $17,935.82, of which Graves was entitled to one half, or $8,967.91. The personal judgment entered against Dargan included that amount. Dargan contends that the lower court was in error in awarding judg-

ment against him for these profits because they were operating under a corporate charter issued to Coastal Development Company of Conway when they were earned, and that liability, if any, for such profits was that of the corporation.

The record shows that, after the parties stopped operating under the name of E. E. Dargan Builders, they began doing business as Coastal Development Company of Conway under an arrangement for an equal division of profits. Both were to put $5,000.00 each into Coastal Development Company. Graves testified that he paid in his part and Dargan claims to have contributed his in building materials. After four or five houses had been constructed, it was decided to incorporate and a charter was issued to Coastal Development Company of Conway. They agreed that the business would be carried on as before and that Graves would continue to receive one half of the net profits. The charter was issued with the intent that Dargan would be issued 51% and Graves 49% of the stock.

Although a charter was issued to Coastal Development Company of Conway, Inc., nothing further was done toward the formation of the corporation. No stock was ever issued, no meetings were held, and no officers were elected. However, in the course of their operations two pieces of real estate and certain stock were transferred to the corporation. In the operation of the corporate business a bank account was maintained in the corporate name, and checks, with the corporate name printed thereon, were issued against the account, signed: "Coastal Development Company of Conway, Inc. By: O. C. Graves, Jr."

We think that the participation by Graves as a member of the Coastal Development Company of Conway, Inc., and the transaction by him of the business in the corporate name estops him to deny its valid existence for the purpose of holding Dargan, another member, personally liable on the profit sharing agreement entered into between them.

650

This is in accord with the rule that a member or stockholder of a pretended corporation is estopped to deny the valid existence of the corporation for the purpose of holding the other stockholders or members personally liable on contracts entered into between them in carrying on the corporate business. 18 Am. Jur., (2d) Corporations, Section 56; 18 C. J. S. Corporations § 110b; *Kingsley v. English,* 202 Minn. 258, 278 N. W. 154, 115 A. L. R. 654.

The lower court was accordingly in error in entering personal judgment against Dargan in the amount of $8,967.91, for profits due Graves from the operation of Coastal Development Company of Conway, Inc. To that extent, the judgment is reversed. It is in all other respects affirmed.

Affirmed in part and reversed in part.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.