UNITED STATES of America and Lawrence H. Pennington, Special Agent, Internal Revenue Service

v.

Arnold BERKOWITZ and A&M Berk Tax Service, Inc.

Civ. A. No. 72–207.

United States District Court, E. D. Pennsylvania.

March 7, 1973.

Arthur L. Gutkin, Philadelphia, Pa., for plaintiffs.

Richard A. Scully, Trial Atty., Tax Div., Dept. Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before the Court is the Government's petition to enforce a summons issued by the Internal Revenue Service [IRS]. The summons, issued by Special Agent Pennington, pursuant to 26 U.S.C. § 7602,[1] directed respondents, A&M Berk Tax Service [Berk] and Arnold Berkowitz to appear and produce the names, addresses and Social Security numbers of all clients and customers for whom they prepared 1971 Federal Income Tax Returns. Respondents filed a motion to quash the summons alleging that such summons was illegal and unconstitutional. This motion was denied on the ground that the proper time to challenge an internal revenue summons was at an

1. 26 U.S.C. § 7602 provides:
"Examination of books and witnesses
For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—
(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

enforcement proceeding. Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L. Ed.2d 459 (1964). Respondent Berkowitz appeared on August 14, 1972, pursuant to the summons, but refused to testify or to produce the required documents. The Government thereby commenced this proceeding under 26 U.S.C. §§ 7402(b) [2] and 7604(a). [3] An order to show cause was signed, after which a hearing was held on November 28, 1972, wherein testimony was taken and arguments were heard. Upon motion, further hearing was held on February 14, 1973. [4]

Briefly stated, the facts leading to the issuance of the summons are as follows: Section 7601 of the Internal Revenue Code of 1954, 26 U.S.C. § 7601, [5] directs the Secretary or his delegate "to the extent he deems it practicable" to cause Treasury Department officers or employees "to proceed * * * and inquire after and concerning" all persons "who may be liable to pay any internal revenue tax". Pursuant to this section, the IRS initiated its Tax Preparers Project, whereby certain tax preparers are selected at random and are visited by undercover agents with assumed information to be submitted to the preparer for the preparation of a tax return. The project is designed to identify tax returns that have been inaccurately prepared by commercial tax preparers. In the instant case, an IRS agent submitted assumed information to respondents, who prepared and filed the return. It was subsequently determined that the return was inaccurately prepared and, consequently, the instant summons was issued.

 As previously mentioned, Section 7601 flatly imposes the duty upon the Secretary to canvass and to inquire concerning all persons who may be liable

---

2. 26 U.S.C. § 7402(b) provides:

"(b) To enforce summons.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

3. 26 U.S.C. § 7604(a) provides:

"(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."

4. On January 8, 1973, respondents requested a further hearing on this issue and the hearing was scheduled on February 14, 1973. Respondents set forth two reasons for a further hearing. The first ground concerned a newspaper article appearing in the January 8, 1973, edition of the Philadelphia Inquirer, where the public affairs officer for the IRS was quoted as stating: "Hopefully, we will be able to come up with a test court case if someone is grossly unethical. We're shooting for that as soon as possible." As to that statement, we see nothing inconsistent with the testimony of the prior hearing and sustained the Government's objection to respondent's offer of proof. In addition, plaintiff sought to offer testimony of an incident occurring on January 30, 1973, when IRS agents allegedly attempted to solicit respondents to prepare fraudulent returns in order to entrap them. Such an incident, if it occurred, has absolutely no relevance to the present case, thus, the Government's objection to respondent's offer was sustained.

5. 26 U.S.C. § 7601 provides:

"Canvass of districts for taxable persons and objects.

(a) General rule.—The Secretary or his delegate shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owing or having the care and management of any objects with respect to which any tax is imposed.

(b) Penalties.—For penalties applicable to forcible obstruction or hindrance of Treasury officers or employees in the performance of their duties, see section 7212."

to pay any internal revenue tax. Donaldson v. United States, 400 U.S. 517, 523, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). A taxpayer may challenge a summons issued pursuant to Section 7602 at an enforcement proceeding brought by the IRS. Reisman v. Coplin, *supra.* At such a proceeding, the IRS need show only "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed * * *." United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The Court further held that a summons issued under Section 7602 in aid of an IRS investigation is for a legitimate purpose "if it is issued in good faith and prior to a recommendation for criminal prosecution." Donaldson v. United States, *supra,* 400 U.S. at 536, 91 S.Ct. at 545, or stated otherwise, the taxpayer must negative the existence of a proper purpose of the summons. United States v. Egenberg, 443 F.2d 512 (3rd Cir. 1971); United States v. Erdner, 422 F.2d 835 (3rd Cir. 1970); United States v. DeGrosa, 405 F.2d 926 (3rd Cir. 1969). The IRS, through Special Agent Pennington and Thomas Martin, Chief of the IRS Intelligence Division, testified that the purpose of the investigation was to determine the correct federal tax liabilities of all taxpayers for whom respondents prepared 1971 federal income tax returns.

Respondents make essentially five points in support of their contention that the summons is invalid, which are as follows: (1) the IRS has no right to issue a summons for records already in their possession; (2) the IRS may utilize Section 7602 summons only to secure information from the taxpayer under investigation himself, not from third persons other than the taxpayer; (3) only one inaccuracy has been found and the IRS is now engaging in a burdensome fishing expedition into all respondents' clients; (4) the fact that the IRS informed respondents that criminal charges could be brought against them if further inaccurate returns were found rendered the summons invalid, since it could be inferred that the sole purpose of the summons was for a criminal investigation; and (5) the information sought is protected by the accountant-client privilege. We will discuss each contention seriatim.

■ Initially, respondents argue that United States v. Powell, *supra,* and its progeny prohibit the IRS from issuing a summons for records already in their custody and possession. Donaldson v. United States, *supra*; United States v. Harrington, 388 F.2d 520 (2d Cir. 1968). The IRS concedes that the information sought is in its files, but argues that it cannot be readily identified or collected, since a tax preparer is under no obligation to identify his tax returns. In a similar case, the IRS sought a list of the taxpayers whose returns were prepared by a professional tax preparer. United States v. Theodore, 347 F.Supp. 1070 (D.S.C.1972). The tax preparer asserted the identical argument as respondents do here, which was flatly rejected by the Court, stating:

"At the hearing, respondents complained that the Commissioner already had the returns in his possession and therefore could not summon copies of the same from the respondents. 26 U.S.C. 7605(b). Practically, it would constitute an enormous and unjustifiably expensive undertaking for the Commissioner to search all of the returns in Chamblee, Georgia [IRS Center] to find those returns prepared by the respondents. This project will be facilitated by the production of the copies of the returns in the possession of the respondents. It is not an abuse of this court's process to require the respondents to assist the Commissioner by producing the returns. United States v. Powell, *supra,* [379 U.S. p. 58, 85 S.Ct. 248, 13 L.Ed.2d 112]."

We agree with the Court in *Theodore* that the language of *Powell* is not so broad as to cover the instant situation where the information sought is already in the Commission's possession, but it is impossible or unjustifiably difficult and expensive to identify.

■ Respondents' second and third arguments are somewhat related and must be read together. Respondents argue initially that the IRS cannot obtain information through respondent that concerns third parties. To this contention, we note there is no absolute prohibition either in the Internal Revenue Code itself or in any cases construing it against issuing a summons to a third party seeking information regarding the person under investigation. Section 7601 imposes the duty on the Commissioner to make a canvass and Section 7602 states " * * * for the purpose of ascertaining the correctness of *any* return." (Emphasis ours) *See* Donaldson v. United States, *supra*, 400 U.S. at 523–524, 91 S.Ct. at 539 [affirming the enforcement of a summons regarding third persons]. The language of these sections is broad and has been construed to confer power upon the Commissioner to inquire and to obtain the names of the taxpayer from a tax preparer by use of the Section 7602 summons. United States v. Theodore, *supra*. As recently as January 9, 1973, the Supreme Court affirmed an enforcement of a Section 7602 summons used to obtain pertinent business records from the taxpayer's accountant. Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Thus, the mere fact that information is sought from a person other than the taxpayer under investigation is an insufficient ground upon which to decline to enforce a summons.

■ Respondents' related argument is that the summons is so broad as to constitute a fishing expedition and imposes an enormous burden upon them. In United States v. Harrington, 388 F. 2d 520 (2d Cir. 1968), the Court held that:

" * * * the Government may not exercise its investigative and inquisitorial power without limit—the examination is 'unreasonable' and impermissible if it is overbroad, 'out of proportion to the end sought,' or if it is 'so unrelated to the matter properly under inquiry as to exceed the investigative power." (citations omitted) 388 F.2d at 523.

The above test is to be more stringently applied where the records sought are those of third persons rather than those of the taxpayer. United States v. Harrington, *supra*. In addition, it must be shown that there is a sufficient nexus between the records in question and the tax liability involved. United States v. Egenberg, 443 F.2d 512, 515 (3rd Cir. 1971). In the instant case, the summons is precise in what it seeks: the names, addresses and Social Security numbers of respondents' clients for the 1971 tax year. It is limited to the specific information directly related to the investigation of the tax liabilities of respondents' clients. In order to have a challenged summons enforced, it is not necessary that the IRS show probable cause to suspect fraud, but only that the investigation was conducted pursuant to a legitimate purpose. Here, a legitimate purpose has been shown—to ascertain the correct tax liability of respondents' client. To this extent, sufficient nexus exists between the records sought and the tax liability involved, and the summons is narrowly and precisely drawn to meet this objective. On balance, there would be significantly less burden on respondents to produce the information sought, than to have the IRS perform a potentially fruitless search of their entire files. Accordingly, we must reject this contention.

■ Respondents' fourth argument revolves around the *Donaldson* requirement that a Section 7602 summons may be used in connection with a tax investigation only if it is issued in good faith and prior to a recommendation for prosecution. In this vein, respondents cite a letter from Thomas Martin of the IRS

Intelligence Division, indicating that "the continued preparation of false returns by preparers could result in the imposition of severe penalties". The severe penalties referred to were criminal charges brought under 26 U.S.C. § 7206(2), which respondents claim negate the good faith requirement of *Donaldson.* In resolving this issue it should be initially stated that respondents are not under indictment, that no recommendation has been made for their prosecution, and, at this point, that respondents are not even under investigation. Thus, the second prong of the *Donaldson* test is clearly met. As to the good faith requirement, it is manifest that the potential criminal liability of the person under investigation is insufficient to negative the good faith of the IRS, provided the investigation is not solely for criminal purposes. Donaldson v. United States, *supra,* 400 U.S. at 532–533, 91 S.Ct. 534, 27 L.Ed.2d 580. In this case, we have concluded from the testimony adduced at the hearing that the principal purpose of the investigation is to determine the correct tax liability of respondents' clients. Thus, we conclude that the two-pronged test of *Donaldson* has been fulfilled, and that respondents' argument to the contrary is without merit.

 Finally, respondents argue that the information sought by the IRS is subject to the accountant-client privilege. Although we have considerable doubt whether the facts of this case would give rise to the privilege, we need not decide this question, for the Supreme Court recently concluded in Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973) that:

" * * * [N]o confidential accountant-client privilege exists under federal law, and no State-created privilege has been recognized in federal cases." (citations omitted)

Thus, respondents may not avail themselves of the privilege in this case.

In conclusion, 26 U.S.C. § 7601 imposes the duty on the Commissioner to make such investigations. The summons was issued by the IRS pursuant to Section 7602 in furtherance of a legitimate purpose in good faith and prior to a recommendation for criminal prosecution. It was precisely and narrowly drawn so as not to place a burden on respondents out of proportion to the objective sought to be obtained. Accordingly, the Government's petition to enforce the summons will be granted.