## HANER *v.* UNITED STATES

No. A–864 (78–6468). Decided April 6, 1979

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant requests that I stay, pending consideration of his petition for writ of certiorari, the order of the United States Court of Appeals for the Ninth Circuit committing him for civil contempt. This petition arises out of a grand jury investigation currently being conducted in the District of Oregon. According to the petition, the grand jury is investigating an allegedly fraudulent funding scheme involving Allstates Funding, Inc., of which applicant is president. Pursuant to a subpoena *duces tecum,* applicant appeared before the grand jury and refused to answer questions regarding corporate records maintained by Allstates Funding on the ground that he might incriminate himself. The United States District Court for the District of Oregon ruled that applicant could not invoke his Fifth Amendment privilege against self-incrimination with regard to the nature of records that were maintained by Allstates Funding. A unanimous Court of Appeals panel affirmed, noting that "[t]he privilege against compulsory self-incrimination protects against real dangers, not remote and speculative possibilities."

Applicant claims that if he testifies regarding the existence

of corporate records he confronts a Hobson's choice which will inevitably result in self-incrimination.

"[I]f the Government learns from the testimony of Petitioner in response to question number seven, and its various subparts, that no corporate records were ever maintained in the first instance, the Petitioner will have provided the government with very strong circumstantial evidence of criminal intent and wrongdoing in his connection with the corporation. By the same token, if the Petitioner testifies that certain records that have not been produced under subpena were in fact maintained, the Petitioner will have provided the government with equally strong circumstantial evidence of criminal intent and consciousness of criminal wrongdoing by their likely destruction or surrepticious [*sic*] transfer to third parties." Pet. for Cert. 8–9.

Applicant places his principal reliance on *Curcio* v. *United States,* 354 U. S. 118 (1957). In *Curcio* this Court held that the contempt sanction cannot be used to compel a custodian of records to disclose the whereabouts of books and records which he has failed to produce if he claims that disclosure of their location will incriminate him. The *Curcio* Court recognized that the privilege does not extend to all oral testimony about the records. Certainly the custodian can be compelled to "identify documents already produced," *id.,* at 125, for the touchstone for evaluating the appropriateness of the privilege must be the "incriminating tendency of the disclosure." *Wilson* v. *United States,* 221 U. S. 361, 379 (1911). The Ninth Circuit relied on *Zicarelli* v. *New Jersey Investigation Comm'n,* 406 U. S. 472, 478 (1972), for the proposition that the self-incrimination privilege "protects against real dangers, not remote and speculative possibilities." A court contemplating a contempt citation must look to circumstances and context and gauge whether there is a real possibility that a responsive answer will incriminate the witness.

Given the very general nature of the inquiry in this case—a description of the type of records kept by the corporation*—I think that the courts below properly struck the balance and that it is accordingly unlikely that four Members of this Court will vote to grant certiorari. The application for stay of the order of commitment is denied.

---

*The petition does not relate the precise wording of the question and to that extent is deficient under this Court's Rule 23.