**In re GRAND JURY PROCEEDINGS.**

**Grand Jury No. 80–174.**

United States District Court,
E. D. Pennsylvania.

Aug. 12, 1981.

Peter F. Vaira, U. S. Atty., Geoffrey L. Beauchamp, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas B. Rutter, Ltd., Alan A. Turner, Philadelphia, Pa., for defendant.

## MEMORANDUM

CAHN, District Judge.

Before me are three motions by the government to enforce grand jury subpoenas served upon a target of the grand jury's investigation ("the target"). I will grant the government's motion in part and deny it in part.

## I. *FACTS*

The three subpoenas at issue direct the target to appear before the grand jury and bring with him copies of specified corporate records of four corporations. The target is an officer of all four corporations. All three subpoenas were returnable the same day.

On that day, the target appeared before the grand jury and produced five white envelopes which contained what appeared to be corporate records.

The grand jury obtained additional records fitting the descriptions in the subpoena through the target's attorney and through his accountant. In addition, the government alleges that the target's attorney told the government that the target had "lost" certain records which the target's attorney originally represented it would deliver to the government.

Citing his fifth amendment privilege against self-incrimination, the target has refused to identify the documents produced in response to the subpoenas duces tecum, has refused to state for the record that the records he produced were made in the regular course of business, and has refused to identify subpoenaed corporate records that were not produced by him because he did not have possession or control of them when they were subpoenaed.

## II. *ISSUES*

A. May the target refuse to identify corporate records already produced?

B. May the target refuse to inform the grand jury of corporate records that he did not produce because he did not have possession or control over them when subpoenaed?

## III. *DISCUSSION*

### A. THE TARGET MUST IDENTIFY CORPORATE RECORDS AL-READY PRODUCED

 It is well settled that a corporation is not protected by the constitutional privilege against self-incrimination. A corporate agent has a duty to produce the corporation's records, even where the records might incriminate him personally. *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). It is also well settled that an agent of a corporation retains a personal privilege against self-incrimination. *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957). However, this personal privilege does not include the identification of corporate documents already produced. Such identification is testimony auxiliary to the unprivileged production of corporate documents. *United States v. Austin-Bagley Corporation*, 31 F.2d 229 (2d Cir. 1929) (L. Hand, J.). Requiring a corporate agent such as the target to identify documents already produced "merely makes explicit what is implicit in the production itself." *Curcio v. United States*, 354 U.S. at 125, 77 S.Ct. at 1150 (dictum); *United States v. O'Henry's Film Works, Inc.*, 598 F.2d 313, 318 (2d Cir. 1979); *In re Grand Jury (Brussel)*, 435 F.2d 350, 352 (7th Cir. 1971); *Unit-*

ed States v. Held, 435 F.2d 1361, 1366 (6th Cir. 1970). *See Haner v. United States*, 440 U.S. 1308, 1309, 99 S.Ct. 1485, 1486, 59 L.Ed.2d 762 (1979) (confirming above dictum in *Curcio*).

■ I also hold that testimony as to whether each document produced was kept in the regular course of business is auxiliary to the production of documents, and so not within the target's fifth amendment privilege.

My holding is based in part on the fact that the government could restructure the subpoenas to require more narrowly defined categories to be produced on different days. Such a procedure would make very clear which documents belong to which corporations, what kind of documents were being produced, and which documents were kept in the regular course of business. Since it is clear that the government could do this, I will not order them to do so. It would be a useless exercise which would not protect any legitimate rights of the target.

## B. THE TARGET NEED NOT IDENTIFY DOCUMENTS HE HAS NOT PRODUCED PROVIDED SUCH TESTIMONY WOULD BE INCRIMINATING

■ Custodians of corporate records "may decline to utter upon the witness stand a single self-criminating word." *Wilson v. United States*, 221 U.S. 361, 385, 31 S.Ct. 538, 546, 55 L.Ed. 771 (1911). Although the privilege has been narrowed somewhat in recent years, I will not further narrow it to exclude more than the bare identifications I am requiring by Subsection III(A) of this opinion. To force the target to testify that documents responsive to the subpoena exist which he has not produced might require him to incriminate himself for destroying evidence or obstructing justice.[1] Such testimony might also require the target to call to the government's attention documents which would incriminate

him personally of which the government does not now know. The evidence the government seeks here could not properly be obtained simply by restructuring the subpoenas. Rather, the testimony requested here concerning documents the target failed to produce would be a compelled testimonial communication within the proscription of *Fisher v. United States*, 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976). The court in *United States v. O'Henry's Film Works, Inc.*, 598 F.2d at 318, held that a corporate agent's statement that he does not possess documents is part of his duty to comply with a demand for them. However, it also held that once the agent stated he did not possess the documents, he could not be interrogated further. Here the government may inquire as to whether the target has produced all the documents in his possession and control, but it may not inquire further provided the target can show that answers to further questions would incriminate him.

■ Of course, the target must answer questions that in no way might incriminate him. Therefore, I will require the target to attempt to make an *in camera* showing as to why it would be incriminating to him to answer the following questions as to each of the four corporations:

1. Were any requested corporate records of _____ Corporation not given to the government because you did not possess or control them when the subpoena duces tecum was served upon you?

2. If so, identify these corporate records.

The target's conclusory statement that "were [the target] to testify that there are other records which are not in his possession or under his control, then he would be forced to admit facts which could form the basis for a charge of conspiracy" does not meet this burden of showing incrimination. Likewise, I also find insufficient the target's allegation that answering such ques-

---

1. For example, if the government intends to pursue its allegation that the defendant wrongfully "lost" subpoenaed documents (Government's Motion to Enforce, G.J. No. 80–174–18,

¶ 9), this could form the basis for a claim by the target that testimony as to documents not produced would be incriminating.

tions would incriminate him because a jury could draw an inference of bad faith from the target's failure to generate documents normally generated in the course of a regular business deal.